SHARPSVILLE BOILER CO. v. QUEEN CITY PROD. CO.

Ohio Appeals, 1st Dist., Hamilton Co.
No. 2883. Decided Jan. 3, 1927

617. IMPLIED WARRANTY—Immaterial, under implied warranty, whether or not test of tanks was to be made at place of shipment or at destination, as in either event, if the tanks were unfit or had a latent defect, the seller would be liable.

First Publication of this Opinion

HAMILTON, J.

The Sharpsville Boiler Works Co. sold seven 20,000 gallon tanks to the Queen City Petroleum Co., the purchase and sale of which were made on a written order. Payment was made by the Products Co. with the exception of $616.51 which the Products Co. claimed to be expenses incurred in testing and installing the tanks; and the charge by the Boiler Co. for its expenses in repairing the tanks.

Upon suit by the Boiler Co. against the Products Co. in the Cincinnati Municipal Court, judgment was for defendant. The Hamilton Common Pleas affirmed the judgment of the Municipal Court, an derror was prosecuted to reverse the judgment of the lower courts.

The Products Co. refused payment on the ground of breach of warranty; and the defective condition of the tanks resulted in the incurred expenses in the amount sued for. The Boiler Co. claimed that the condition of the tanks was due to improper handling in their unloading and installation by the Products Co; and the expenses incurred were not properly chargeable to it.

The Court of Appeals held:

1. The Products Co. contends that the tanks were to stand a five pound air pressure; but when they were installed, they were found to be leaky; and upon the air test, to be seriously defective.

2. Section 8395 GC. on implied warranty must be read into the contract.

3. The seller knew the purpose for which the tanks were to be used, and there followed an implied warranty that they would be reasonably fit for the purpose for which they were purchased.

4. The court was justified in finding for the Products Co. in that the tanks were defective in construction and the Boiler Co. would not be entitled to recover for expenses in repairing the tanks under this state of facts.

5. It is claimed that admission over objection, of a certain conversation had prior to the contract with the Boiler Co. to the effect that the tanks were to be tested at Cincinnati was prejudicial error for the reason that it varied the terms of the written contract.

6. Under the implied warranty, whether or not the test was to be made at place of shipment or at destination, is immaterial as, in either event, if the tanks were unfit or had a latent defect, the seller would be liable.

Judgment therefore affirmed.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—Edward H. Brink and A. R. Hoffman for Boiler Co; Cohen, Mack & Hurtig for Products Co; all of Cincinnati.