## FRITO CO. OF CLEVELAND v. MORTON SALT CO.

### Civ. A. No. 25500.

United States District Court
N. D. Ohio, E. D.
June 9, 1950.

Marvin C. Harrison, William K. Thomas, Cleveland, Ohio, for plaintiff.

Jones, Day, Cockley & Revis, P. J. Mulligan, George D. Bonebrake, Cleveland, Ohio, George M. Schlosser, McBride & Baker, Chicago, Ill., for defendant.

JONES, Chief Judge.

This is a breach of warranty action now before the Court on consideration of defendant's objections to plaintiff's interrogatories, and of defendant's motion to compel plaintiff to answer interrogatories.

The interrogatories objected to are Nos. 1–5, inclusive, and No. 7. Generally, these interrogatories seek information about the sale of salt to any other Frito company, at any time; the knowledge, if any, that defendant had concerning the use to which the salt was to be put; and the names and addresses of defendant's salesmen who made the sales to the different Frito companies.

The objections raise the issue of relevancy of these interrogatories and the unreasonable burden and expense that answering will place on the defendant.

This action will be tried on a theory of implied warranty as set forth in Section 8395 of the Ohio General Code. Under that section an implied warranty arises if, among other things, the buyer makes known to the seller the particular purpose for which the goods are required. At least one Ohio case, however, seems to indicate (although the Court is not now deciding the issue) that if the seller has this knowledge, regardless of the source, an implied warranty exists if the other requirements are met. Sharpsville Boiler Works v. Queen City Pet. Products Co., 23 Ohio App. 319, 156 N.E. 149.

■ If knowledge of the purpose for which the salt was to be used is an important element of plaintiff's action, and it seems to be, the interrogatories now in question will lead to the discovery of the extent of this knowledge and I must conclude that the objection of lack of relevancy is unfounded.

■ It is evident, however, that the compilation of the answers to these interrogatories will cause great inconvenience and expense to the defendant. Various independent Frito companies, some of which have been in existence for about 20 years, are scattered throughout the United States. Defendant has no central office in which sales records are kept, and the information desired must be obtained from a search of the records of 39 different district sales offices, and inquiries directed to a staff of more than 600 salesmen. Since the interrogatories in no way limit the scope of the information desired, it is conceivable that a search of each district office's records for the last 20 years must be made.

Previous decisions indicate no information on the question of the excessive burden of interrogatories. The various district courts have come to about every imaginable conclusion. Each court must work out an equitable solution from the facts that are presented to it and in this action it will be possible to lessen the burden of answering these interrogatories without limiting the scope of the interrogatories.

Plaintiff is in a much better position to learn of the location of the various Frito companies. It, then, should provide defendant with information concerning the number, corporate name, location and the approximate date of the establishment of the various Frito companies. Such action drastically would limit the search in the various offices of the defendant.

If it does not, the plaintiff of its own initiative should offer to limit the search to specific branch offices, and if it still demands that the complete search be made, the Court will entertain a motion pursuant to Fed. Rules Civ.Proc. rule 30(b), 28 U.S.C.A., relative to the apportionment of costs.

The objection will be overruled provided plaintiff furnishes defendant the above suggested information.

■ Defendant also contends that the answers given by plaintiff to some of defendant's interrogatories are incomplete and seek to evade a direct answer concerning the results of tests made by plaintiff on defendant's product. The answers do not give the information requested by defendant, and as it is now entitled to the actual results of these tests, plaintiff should state the actual results of the tests, including the amounts of chromium, copper or nickel found in the samples tested.

Enter order accordingly.