**DUSEK v. UNITED AIR LINES, Inc. et al.**
Civ. No. 25955.

United States District Court
N. D. Ohio, E. D.
July 8, 1949.

Michael M. Lucak, Jr., Cleveland, Ohio, M. C. Harrison, Cleveland, Ohio, for plaintiff.

C. M. Horn, McKeehan, Merrick, Arter & Stewart, Cleveland, Ohio, Parker Fulton, Harley J. McNeal, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This action is for damages for the alleged wrongful death of plaintiff's decedent in an airplane crash. The complaint alleges that the airplane was operated by defendant United and was purchased by United from defendant Douglas.

The following matters are for consideration:

A motion by defendant United entitled Motion "to correct complaint" consisting of requests to strike paragraphs 7 and 12 of the Complaint, and

Objections by defendant to certain interrogatories.

1. (a) Paragraph 7, which defendant asks to be stricken, reads as follows: "That said airplane at the time of the occurrence was under the exclusive control and management of said defendant United Air Lines, Inc., its pilots, servants, agents and employees."

Defendant asserts that res ipsa loquitur does not apply where there are two or more defendants charged with independent acts of negligence or where, even if there is only one defendant, there are specific acts of negligence alleged.

Plaintiff, opposing the motion, agrees with defendant that if she proves negligence as to Douglas and/or specific acts of negligence as to United, then res ipsa loquitur would not apply. Neither would it apply, plaintiff admits, if she made a case against Douglas but proved no specific acts of negligence against United. Plaintiff contends, however, that defendants' motion is premature, that paragraph 7 should be allowed to remain in the pleading in case she is unable, at trial, to prove any negligence on the part of Douglas and no specific acts of negligence by United.

■ At this stage no purpose would be served by granting the motion to strike. The paragraph complained of has not been shown to be prejudicial to defendant. Its remaining in the complaint could in no way affect the conduct of the trial or the outcome of the litigation. Whether the matter alleged in paragraph 7 will be material as a foundation for res ipsa loquitur is not a matter which can be determined before trial.

■ (b) Plaintiff concedes that under the law of Utah, where the airplane crash occurred, she is not entitled to recover the funeral expenses of her decedent (plaintiff's brief, p. 8) and that therefore paragraph 12 of the complaint should be stricken.

2. Defendant United objects to plaintiff's interrogatories Nos. 28, 29, 30, 31, 32, 33, 34, 37, 38, 39, 40, 41, 42 and 44 for the reasons that they call for answers based upon "defendants' inference, conclusion and opinion" and therefore they are not within the scope of Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A.

It will be conceded that any person answering a question relating to a fact must base his answer upon conclusion, inferences, opinions or evaluations of certain things he has perceived. It also will be conceded that very little, if any, of the "factual information" possessed by a human being is not based upon inference, deduction or conclusion.

That Rule 33 permits examination of a party as to relevant information, not privileged, or information which might reasonably be expected to lead to the discovery of admissible evidence, is clear from the wording of Rules 33 and 26(b). The courts have drawn a line, however, when, under Rule 33, an attempt is made to require a party to do more than supply information within its knowledge or possession.

Thus, in Hoak v. Empire Steel Corp., D. C., N.D. Ohio 1946, 5 F.R.D. 330, this Court sustained objections to interrogatories which called for comparison and construction of certain patent claims and in Porter v. Central Chevrolet, D.C., N.D. Ohio 1946, 7 F.R.D. 86, 88, the Court ruled that interrogatories requiring defendant "to examine, analyze, audit, compile and correlate information from its books and records and then to state its conclusions as to what these records reveal", were beyond the scope of Rule 33.

Distinguishing between requests for information which reasonably might be expected to be available to defendant as matters of record or personal knowledge of its officers or agents and requests that defendant analyze, evaluate or substantiate certain facts or information, the rulings will be as follows:

Interrogatory:

28   Objection sustained. Plaintiff should have asked (1) where were the fragments found? and (2) what was the regular route of the airplane?

29   Objection overruled.

30   Objection overruled. If this information is now known to defendant, there is no reason why it should not be given to plaintiff. The evaluation-analysis-deduction process having been completed (if the answer to No. 28 is yes), the matter now is simply factual information.

31   Objection overruled.

32   Objection overruled, sustained as to facts warranting conclusions.

33   Objection overruled.

34   Objection overruled, sustained as to the part relating to facts warranting answer.

37   Objection overruled.

38   Objection overruled.

39.   Objection sustained.

40   Objection overruled; sustained as to part relating to facts warranting conclusion.

41   Objection overruled.

42   Objection overruled; sustained as to part relating to supporting facts.

44   Objection overruled.

Summary.

Defendants' motion to strike paragraph 7 of the complaint will be overruled.

Defendants' motion to strike paragraph 12 of the complaint will be sustained.

Plaintiff's motion to file rejoinder brief will be sustained.