**UNITED STATES of America**
v.
**John SELBY.**
**Civ. No. 35356.**

United States District Court
N. D. Ohio, E. D.
Feb. 24, 1960.

George W. Morrison, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

George Farr, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is an action to obtain a judgment for certain tax liabilities allegedly owing by the defendant to the United States. Of the six amended interrogatories submitted by the Government, defendant has objected to the following four:

"3. What events occurred to cause you to become an agent and cease to be an employer, on the date specified in your answer to interrogatory number 1?

"4. Please state in detail the facts upon which you rely to show that you were an agent and not an employer, as alleged in paragraph 5 of your answer filed herein.

"5. In what respects were the assessments illegal, as alleged in paragraph 6 of your answer filed herein?

"6. Please state in detail the facts upon which you rely to show that the assessments were illegal, as alleged in paragraph 6 of your answer filed herein."

The objection to Nos. 4 and 6 is on the ground that they are "too broad and all-inclusive, so that defendant cannot

determine the scope and extent of the information required, and are not sufficiently specific so that defendant can answer them without exercising discretion and judgment in determining what is intended to be covered; * * *."

Defendant objects to interrogatories Nos. 3 and 5 on the same grounds asserted as to Nos. 4 and 6 and, in addition, for the reason "that they call for conclusions rather than facts." The Government has filed a brief in opposition to defendant's objections, citing a number of cases said to stand for the proposition that interrogatories "are proper to narrow the issues, furnish a litigant with information on the basis of which to prepare to meet general allegations of a pleading, and inform a party as to the contentions of an adverse party." (Government's memorandum, page 2.)

The interrogatory objected to in Prescan v. Aliquippa & Southern R., D.C. W.D.Pa.1954, 16 F.R.D. 272, 273, was as follows:

"State the acts of omission or commission on the part of the plaintiff referred to in the second defense of the defendant's Answer and which were said to have been the sole or contributing cause of the accident."

The District Court overruled the objection on the ground that it has been the "firm rooted policy of this court * * * to relegate party litigants to the discovery process where it is claimed that the allegations are general in nature and not sufficiently informative to enable an adversary to intelligently present a defense." The District Court, in support of this proposition, cited Sierocinski v. E. I. DuPont DeNemours & Co., 3 Cir., 1939, 103 F.2d 843, 844, wherein a District Court had been reversed for dismissing a complaint for failure to allege specific acts of negligence. The Circuit Court held that the complaint was sufficient under Rule 8, Fed.Rules Civ.Proc. 28 U.S.C.A., and had suggested that, "If

defendant needs further information to prepare its defense it can obtain it by interrogatories (Rule 33)."

In Gerber v. United States Lines Co., D.C.S.D.N.Y.1954, 15 F.R.D. 500, 502, the Court sustained certain interrogatories on condition that the words, "according to your information," be substituted for the words, "you claim."

The Court in Interborough News Co. v. Curtis Publishing Co., D.C.S.D.N.Y. 1953, 14 F.R.D. 408, 410, overruled objections to interrogatories with this statement:

"Although many of the interrogatories seek what plaintiff 'claims', the expression is innocuous. Defendants are within their privilege in 'exacting admissions or obtaining commitments as to the position that an adverse party takes as to issues of fact.'"

The only limitation on the scope of interrogatories which appears in Rule 33 is in the first sentence of the second paragraph:

"Interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party."

Rule 26(b) reads as follows:

"*Scope of Examination.* Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that

the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

■ That the answer to an interrogatory may require a "conclusion" is no basis for objection. Judge Jones so held in Dusek v. United Air Lines, D.C.N.D. Ohio E.D.1949, 9 F.R.D. 326, stating, at page 327:

"It will be conceded that any person answering a question relating to a fact must base his answer upon conclusion, inferences, opinions, or evalutions of certain things he has perceived. It also will be conceded that very little, if any, of the 'factual information' possessed by a human being is not based upon inference, deduction or conclusion."

■ But interrogatories Nos. 5 and 6 call for legal, rather than factual, conclusions by asking in what respects the assessments were "illegal." Likewise, interrogatories Nos. 3 and 4, requesting lists of events and facts which caused defendant to become an agent, and upon which he relies to show his status as an agent rather than an employer, call for a determination of the legal significance of facts, an assignment for a lawyer rather than a party. Objection to an interrogatory of this nature was sustained in United States v. Owens-Illinois Glass Co., 25 Fed.Rules Serv. 33.31, Case 1 (D.C.N.D.Ohio, W.D., 1957). At page 532, Judge Kloeb stated:

"It is felt that the objection to interrogatory No. 44 ought to be and is sustained on the ground that, if answered, plaintiff would be required to itemize the evidence and enumerate each fact upon which it relies in support of its various allegations. In other words, it would, in effect, be required to present its case in advance of trial."

Judge Holtzoff has held to be improper interrogatories requesting legal conclusions or enumeration of items of evidence by which a party intends to prove an ultimate fact. Webster Motor Car Co. v. Packard Motor Car Co., D.C.D.C. 1954, 16 F.R.D. 350; Aktiebolaget Vargos v. Clark, D.C.D.C.1949, 8 F.R.D. 635.

■ While there are a number of cases sustaining interrogatories which call for legal conclusions, the decisions holding such interrogatories to be improper are, it would seem, sound and logical. Rule 33 authorizes interrogatories to parties to lawsuits, not to their attorneys. Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 91 L.Ed. 451. The parties are required to answer them under oath. It would be pointless and unfair to require laymen to swear to statements embodying the legal theories of their attorneys.

■ The assertion and discussion of legal theories, and the classification of facts in support thereof, should be by the lawyers at trial and in whatever pre-trial procedures the Court may require.

In Hickman v. Taylor, above, 329 U.S. at page 501, 67 S.Ct. at page 388, the Supreme Court recognized the necessity of using both discovery and pre-trial conferences to narrow issues:

"The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

The objections to interrogatories Nos. 3 to 6, inclusive, will be sustained. Plaintiff should inquire specifically as to

the nature and existence of any contracts of agency, whether they are oral or written, the terms thereof if oral, and the location of true copies if written. Written copies then may be obtained upon a showing of good cause under Rule 34.