William L. BULLARD and Neta P. Bullard, copartners doing business under the name of Klamath Pinetrim Company, Plaintiffs,

v.

UNIVERSAL MILLWORK CORPORATION, Defendant.

Civ. No. 20086.

United States District Court
E. D. New York.

May 17, 1960.

Cahill, Gordon, Reindel & Ohl, New York City, Margaret Taylor, New York City, of counsel, for plaintiffs.

Lawrence I. Gerber, New York City, for defendant.

BARTELS, District Judge.

Defendant moves under Rules 31(d) and 30(b) of the Fed.Rules Civ.Proc., 28

U.S.C.A., to vacate plaintiff's demand for the answers to 118 interrogatories and, alternatively, to (i) extend defendant's time to answer until after plaintiff has produced certain documents demanded in connection with plaintiff's depositions, (ii) strike 32 of the said interrogatories, and (iii) extend defendant's time to answer the interrogatories to ten days after the service of an order entered on its application. Plaintiff, withdrawing those interrogatories demanding production of documents, cross-moves pursuant to Rule 34 for an order directing the defendant to produce the said documents. Inasmuch as the documents demanded by plaintiff are related to answers to the propounded interrogatories, defendant's motion will be first considered.

Since many of the interrogatories are proper, defendant's request that they be stricken *in toto* is denied. The Court will consider the objections to the individual interrogatories after classifying them into categories.

The complaint sets forth three causes of action, one based on lumber sold and delivered, another for conversion and a third on an account stated. The scope of interrogatories under Rule 26 embraces matters "relevant to the subject matter involved in the pending action, whether it relates to the claim or defense" of either party, and this has been held to mean more than matters relevant to "the precise issues presented by the pleadings". Kaiser-Frazer Corp. v. Otis & Co., D.C.N.Y.1951, 11 F.R.D. 50, 53; see, Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, 472. Nevertheless, there being before the Court nothing but the complaint and answer, the pleadings are the touchstone by which the subject matter of the action is determined. See, Vilastor Kent Theatre Corp. v. Brandt, D.C.N.Y.1955, 18 F.R.D. 199, 120. As determined by the pleadings, the subject matter of this action is obviously a transaction involving a certain shipment of lumber. Insofar as the interrogatories are addressed to facts relevant to this transaction, they are admissible; but insofar as they are addressed to legal contentions involving the subject matter, they will be disallowed. United States v. Selby, D.C.Ohio 1960, 25 F.R.D. 12.

### I

a. *Interrogatories 1, 2, 27, 28, 70 and 71:* By their terms these deal with transactions other than the particular transaction upon which this suit is based. At present the Court is not convinced that evidence, or leads to evidence, can be obtained from interrogatories dealing with transactions between the parties prior and subsequent to the transaction which is the subject matter of this action, particularly when some of these interrogatories are addressed to transactions between defendant and unidentified third parties. The above interrogatories, being presently irrelevant, are stricken, subject to a further application upon a showing of relevancy.

b. *Interrogatories 40, 41, 42, 43, 44, 45, 46 and 47:* The above deal with the various types of contracts entered into by defendant and all other persons from 1955 to date. Although in a sense these questions call for conclusions, they are mixed conclusions of fact and law. See, United States v. Selby, supra. Resolving any doubt in this respect in favor of the interrogator, the Court believes the interrogatories are not objectionable for this reason. However, the scope of these interrogatories is broad and sweeping, going far beyond the date of the disputed transaction and embracing transactions with strangers to the action. The interrogatories are allowed only with respect to transactions between the parties in April, 1955, and are hereby modified accordingly.

c. *Interrogatory 48* seeks defendant's "understanding" of a term used in an invoice. It requires a statement as to a mental operation and is accordingly irrelevant. United States v. Selby, supra. Stricken.

d. *Interrogatories 113, 114, 115, 116, 117 and 118:* They deal with proceeds, if any, from the sale or destruction of the subject matter of the action and are objected to on the ground that they invade confidential financial matters of defendant. Since interrogatories 116 and 117 relate to the receipt, if any, of moneys from insurance covering the lumber (which moneys might conceivably be subject to a constructive trust), they are relevant to the subject matter of the action and are allowed. Interrogatories 113, 114, 115 and 118, being irrelevant, are stricken.

e. *Interrogatory 12,* though not objected to in the notice of motion, is challenged in defendant's brief because of its wide scope. The interrogatory will be modified by limiting it to "all correspondence relating to the lumber described in Exhibit B". As modified, allowed.

f. *Interrogatory 68* deals with correspondence between the parties covering the subject matter of the action. Since some of this correspondence has already been required in prior interrogatories, the answer to this interrogatory may incorporate such items by reference. As modified, allowed.

g. *Interrogatories 17, 18, 29, 30, 72 and 73:* These seek the details of all conversations to date with regard to the subject matter of the action, between plaintiff or one Dickman and defendant or "any other officer or employee of defendant". Since the answers to these interrogatories might lead to evidence, even though the answers might not be binding on the defendant, they are proper. However, they will be modified to require only those conversations of which defendant has knowledge. See, Broadway & Ninety-Sixth Street Realty Co. v. Loew's, Inc., D.C.N.Y.1958, 21 F.R.D. 347, 352. As modified, allowed.

h. *Interrogatory 20* seeks the date of the delivery of the lumber which is the subject matter of the action. Defendant's objection to the interrogatory is frivolous. Allowed.

i. *Interrogatories 74, 75, 76 and 77:* Defendant objects that the above are irrelevant but they are pertinent to defendant's counterclaim for the "preservation of the property which is the subject matter of this action". Allowed.

## II

Plaintiffs' demands for production of documents are disposed of as follows:

a. *Items 2(f), 28(f), 41(c), 47(c) and 71:* These are based on interrogatories which have been stricken. Denied.

b. *Items 7, 15, 18(e), 23, 34, 54, 56, 58(g), 66, 69, 73(f), 79(h), 81(e), 83(g), 84(g), 85(f), 87(g), 90(g), 92 (h), 94(f), 96(f), 102(f), 104(g), 106 (f), 108(f), 110(f) and 112(e):* Rule 34, Fed.Rules Civ.Proc., 28 U.S.C.A., requires a showing of good cause before production will be directed. Although there is a trend in the language of a number of decisions to equate good cause with "relevancy" (see, Guilford National Bank of Greensboro v. Southern Railway Co., D.C.N.C.1960, 24 F.R.D. 493, 497–499), the Court believes that relevancy alone does not necessarily constitute good cause under all circumstances. For instance, many of the documents demanded in the above items are documents of which the plaintiff possesses either the original or the copy, since they represent correspondence between the parties. If plaintiff has the original or copy, there seems to be no good cause to order defendant to produce a duplicate thereof. After comparing the answers to the interrogatories with plaintiff's correspondence, the plaintiff will be in a position to discover whether it lacks the original or a copy of the documents demanded and may then apply to this Court for further relief. Until then the items are denied.

c. *Item 26* sweeps far beyond the subject matter of the action and, in addition, contains no indication that such correspondence exists. This absence may be corrected after an answer to in-

terrogatory 25, as modified, but until then the item is denied.

d. *Items 30, 77(f) and 98(k):* Until all the interrogatories have been answered, production of these documents is premature. Denied.

### III

Defendant's application for postponement of its time to respond to the interrogatories until the completion of plaintiff's deposition is denied. Its time to answer the interrogatories however, is extended to fourteen (14) days from the date of filing of this opinion, which shall constitute an order.