Dallas J. ZINSKY, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

William L. PEAKE, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

George F. PASTORIUS, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Civ. A. Nos. C63-198, C63-349, C63-622.

United States District Court
N. D. Ohio, E. D.

Feb. 20, 1964.

Elmer I. Schwartz and Samuel T. Gaines, Cleveland, Ohio, for plaintiffs.

John F. Dolan, Cleveland Ohio, for defendant.

PAUL JONES, KALBFLEISCH and GREEN, District Judges.

Each of the above captioned actions involves common questions under Rule 33, Federal Rules of Civil Procedure. For that reason, a single memorandum

will be entered, but this procedure is not intended to be a consolidation of these actions for any purpose other than consideration of these questions.

Each of these actions was brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, to recover for alleged personal injuries.

In each of the complaints the general nature of the plaintiff's employment is alleged, and it is then alleged that,

"all or part of plaintiff's duties were in the furtherance of interstate commerce, or directly, closely and substantially affecting such commerce."

Thereafter, the grounds of negligence, the damages alleged to have been sustained, and the prayer for recovery are set out.

The portions of defendant's answers relevant to these motions are substantially the same. Defendant has, in each case, admitted the allegation as to the general nature of plaintiff's employment. Each answer contains an affirmative allegation that the plaintiff was himself negligent, and each concludes with the following allegation:

"further answering defendant denies each and every, all and singular, the allegations of plaintiff's complaint contained, not herein specifically admitted to be true."

In none of the answers is the allegation by plaintiffs concerning interstate commerce admitted to be true.

Interrogatories have been propounded by plaintiffs to defendant in each action, among which certain basically identical questions appear. Defendant has objected to two common interrogatories, contending that the answers require the drawing of legal conclusions.

■ The first interrogatory objected to appears as No. 11(a) (b) in Zinsky, 10(a) (b) in Peake and 12(a) (b) in Pastorius. It is substantially as follows:

a) Was plaintiff following the usual customs, rules and practices in performing his work [at the time of the injury complained of]

b) If the answer to the preceding part (a) is in the negative, then state specifically what customs, rules or practices plaintiff disregarded in performing his work [at the time of the injury complained of]

The Court believes that this interrogatory relates to the factual circumstances surrounding plaintiff's conduct at the time of his injury, as such facts may be known to defendant, and is aimed at exploring defendant's claim of negligence on the part of plaintiff.

While the answer to this interrogatory may well require the drawing of a conclusion, or expression of an opinion or contention by defendant, it is as to a matter of fact rather than law.

■ An interrogatory calling for a factual inference or conclusion is proper, whereas an interrogatory calling for a legal conclusion is objectionable. United States v. Selby, 25 F.R.D. 12 (N.D.Ohio, 1960); Dusek v. United Air Lines, 9 F.R.D. 326 (N.D.Ohio, 1949).

It is the distinction between a factual conclusion and a legal conclusion that differentiates this interrogatory from the second one objected to by defendant.

The second interrogatory appears as No. 12 in Zinsky and Peake and No. 13 in Pastorius. It reads as follows:

"At the time of the accident, was the plaintiff engaged in duties which were in furtherance of interstate commerce or which directly and substantially affected interstate commerce?"

This interrogatory calls upon the defendant to assume a state of facts as to the plaintiff's duties, analyze those facts and state an opinion as to whether those facts support the conclusion that the plaintiff was engaged in interstate commerce.

On the face of the pleadings in these actions the general nature of the plain-

tiffs' employment is not in issue. Only the conclusion pled by plaintiffs that such employment was in the furtherance of interstate commerce has been put in issue by defendant's denial of all matter not otherwise admitted to be true in the answers.

 In an F.E.L.A. action, when the essential facts with regard to a plaintiff's employment are not in dispute, the question of interstate commerce is deemed to be one of law for the Court to determine. Quirk v. New York, C. & St. L. R. Co., 189 F.2d 97 (CA 7, 1951) cert. den. 342 U.S. 871, 72 S.Ct. 105, 96 L.Ed. 655.

Therefore, at this point it appears that plaintiffs, under the interrogatory as it is presently phrased, are asking defendant to make a legal analysis of one of the factual issues in these cases. As was said in United States v. Selby, supra,

"The assertion and discussion of legal theories, and the classification of facts in support thereof, should be by the lawyers at trial and in whatever pre-trial procedures the Court may require." (25 F.R.D. at p. 14).

It is for the foregoing reason that this interrogatory, in its present form, is not proper.

As previously stated, the essential operative facts with regard to plaintiffs' employment are not denied in the answers. In light of the Supreme Court decisions in Southern Pacific Co. v. Gileo, 351 U.S. 493, 76 S.Ct. 952, 100 L.Ed. 1357 (1956) and Reed v. Pennsylvania Railroad Co., 351 U.S. 502, 76 S.Ct. 958, 100 L.Ed. 1366 (1956), and considered in conjunction with the admission of the supporting facts, it appears to the Court that the denials of interstate commerce are pro forma denials, and serve little purpose. Defendant, however, by putting the point in issue in this manner is subjecting itself to searching inquiry by plaintiffs, in order that they may dis-

cover all facts pertinent to this question of interstate commerce.

If the defendant is not willing to admit this issue, then plaintiffs are entitled to full discovery, within the limitations of the Federal Rules, in order to determine what facts are known to defendant relevant thereto. Such discovery, however, does not include interrogatories calling for legal conclusions.

The defendant's objection to Interrogatory No. 11(a) (b) [Zinsky], 10(a) (b) [Peake], 12(a) (b) [Pastorius] is overruled; defendant's objection to Interrogatory No. 12 [Zinsky and Peake], 13 [Pastorius] is sustained.