Clarence E. MEESE, Ronald R. Meese, Naomi M. Streb, and Joseph M. Streb, Plaintiffs,

v.

EATON MANUFACTURING COMPANY, Defendant.

Civ. A. No. C 63–197.

United States District Court
N. D. Ohio, E. D.
April 9, 1964.

D. W. Farrington and H. F. McNenny, of Richey, McNenny & Farrington, Cleveland, Ohio, for plaintiffs.

Jerome F. Kramer, of Schramm, Kramer & Sturges, Cleveland, Ohio, for defendant.

CONNELL, Chief Judge.

The plaintiffs in this action are the registered owners of Letters Patent 3,-008,206. They allege that the defendant has infringed that patent by making and selling hose clamps which supposedly embody the patented invention. The plaintiffs further allege that plaintiff Clarence Meese was induced to subscribe to a fraudulent agreement relating to any inventions by him while in the defendant's employ, and further that the defendant allegedly breached the confidence under which plaintiff Clarence E. Meese disclosed the substance of the invention in suit.

█ There are presently four motions before the Court: (1) plaintiffs' motion for production of documents; (2) plaintiffs' objections to defendant's requests for admissions; (3) plaintiffs' objections to interrogatories propounded by defendant; (4) defendant's motion to join an additional party plaintiff. Before disposing of each, the Court overrules the defendant's objection to the appointment of plaintiff Ronald Meese as agent for the other plaintiffs for the purpose of responding to the interrogatories and requests for admissions. Since identical sets have been submitted to each plaintiff, and the plaintiffs have agreed on the record to be bound by the answers of Ronald Meese, we can see no harm in permitting the appointment.

I

█ The plaintiffs have failed to show good cause for the production of the original drawings made by the defendant's draftsman; if they have a copy, the original is not necessary to their trial preparation. Motion overruled as to Items 1 and 2. The plaintiffs next seek a tape recording and stenographic notes taken at a conference

where plaintiff Clarence Meese allegedly disclosed to the defendant the substance of a patent application for a hose clamp. This request relates to the allegation of breach of confidence; the items sought are in the exclusive control of one party, therefore they should be produced. Motion granted as to Items 7 and 8.

■ Items 9 through 12, and Item 16, seek memoranda and other communications between the defendant's employee, the manager of the Engineering Department, and the defendant's attorney; the objection of privilege is well taken, and the motion is denied as to these items.

■ The final request under this motion involves the original drawings and other data relating to a die which plaintiff Clarence Meese turned over to the defendant. Since these drawings relate to the plaintiffs' claim of perfidy, and the defendant has sole possession of them, they shall be produced. Motion granted as to Item 15.

## II

■ Requests for admissions 6 and 7 are replete with terms of legal significance; although these requests do not necessarily call for legal conclusions, they do force these laymen to assent to sentences containing terms which might be beyond their full comprehension. Objections sustained as to requests No. 6 and 7. Request No. 10 presents no such problem, so the plaintiffs shall answer to the best of their ability. Objection to request No. 10 is overruled.

## III

■■ The Court reserves ruling on a group of interrogatories which attempt to elicit information regarding the background of the patent in suit. Contrary to the contention of the defendant, the mere filing of a suit for infringement by the patentholder does not place in issue the validity of, or title to, the patent.

Until the defendant by way of his answer challenges the patent, the presumption of its validity stands unassailed; validity and title are not yet in issue.

■ Interrogatories 1 and 2 inquire as to any other patent applications filed by the plaintiffs other than the application which resulted in the issuance of Patent 3,008,206. Patent applications are to be kept secret unless they are materially connected with pending litigation. National Transformer Corporation et al. v. France Manufacturing Company, 9 F.R.D. 606 (N.D.Ohio 1949). The movant has thus far failed to show any connection which such prior applications, if any, could have with this action. After the defendant answers the complaint, the Court will rule on the relevancy of these interrogatories.

■ Interrogatories 51 through 53 request information surrounding the conception of the patent in suit: experiments, tests and disclosure, if any, prior to the grant of the patent. Since no answer has been filed, any defense attacking the validity of the patent (lack of invention) or asserting unclean hands (undisclosed prior art) is not yet before the Court, and these interrogatories, which might relate to such defenses, are irrelevant at this time. To prevent unnecessary duplication of motions, however, the Court reserves ruling on these interrogatories until the defendant answers the complaint.

■ Interrogatories 17 through 42 are objected to on the ground that they seek to elicit opinions and contentions of the plaintiffs; they claim that Rule 33 requires that parties disclose only matters of fact. This is no longer true. In the early days of the Federal Rules, interrogatories were restricted to facts, and no opinions could be demanded. Hoak v. Empire Steel Corporation, 5 F.R.D. 330 (N.D.Ohio 1946). After some experience with this restriction, Courts have gradually discarded it. The better view permits interrogatories ad-

dressed to matters of opinion when an answer would serve a substantial purpose in expediting the lawsuit. Railex Corporation v. Cleaners Sales & Equipment Corporation, 7 F.R.Serv.2d 33.319, case 2 (E.D.N.Y.1963); United States v. Purdome, 30 F.R.D. 338 (W.D.Mo. 1962); Stonybrook Tenants Association v. Alpert, 29 F.R.D. 165 (D.C.Conn. 1961); United States v. Renault, Inc., 27 F.R.D. 23 (S.D.N.Y.1960). Therefore, Interrogatories 17 through 23, which call for the opinions of the plaintiffs concerning their patent, are not objectionable; the full explanation of the patent in suit might clarify the issues in this case.

■■■ Interrogatories 24 through 42 are directed to the contentions of the plaintiffs, and their objections are not well taken. The plaintiffs object that these questions call for conclusions and opinions of law, which parties are not required to express. United States v. Selby, 25 F.R.D. 12 (N.D.Ohio 1960). The interrogatories objected to each inquire whether a part of defendant's product infringes upon plaintiff's patented product; quite obviously this calls for an opinion involving a point of law. The prohibition against interrogatories requesting a legal opinion is rooted, though, in the fact that parties generally are unable to answer or express such an opinion. "The assertion and discussion of legal theories, and the classification of facts in support thereof, should be by the lawyers." United States v. Selby, 25 F.R.D. 12, 14. In patent cases, however, the Court can think of no one *more qualified* than the inventors to express opinion as to what constitutes theft of their inventiveness. Therefore, the interrogatories directed to the contentions of the plaintiffs may stand. Railex Corporation v. Cleaners Sales & Equipment Corporation, 7 F.R.Serv.2d 33.319, case 2 (E.D.N.Y.1963); United States v. Columbia Steel Company, 7 F.R.D. 183, 185 (D.C.Del.1947) (dictum);

Liquidometer Corporation v. Capital Airlines, Inc., 24 F.R.D. 319 (D.C.Del.1959).

■■■ Objection to interrogatory 45 is sustained; the employment histories of the plaintiffs are hardly relevant to this infringement suit.

■■■ Interrogatories 45 through 50 seek to discover what part each plaintiff played in the conception and formulation of their patented hose clamp. The plaintiffs object, but simultaneously state that the "contributions of one of the joint inventors cannot be separated from the contributions of the others." The Court regards this as an answer so as to waive the objection. Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands. Here the plaintiffs claim that their individual contributions are indivisible, so the Court accepts that as the answer to interrogatories 45 through 50.

■■■ Interrogatories 67 through 69 request the names and location of all witnesses and subscribers to engineering and development work, and No. 69 also requests that the plaintiffs "identify what work was being done during the presence of each such person." Except for the quoted passage, which we now order stricken, these interrogatories invade no privileged area. Objections overruled.

## IV

The defendant seeks to compel the joinder of one Harold Stokey as a co-plaintiff under Rule 19(a). Mr. Stokey filed an action in the Common Pleas Court of Tuscarawas County, Ohio, in which he asserted the existence of an oral license granted him by the plaintiffs in our lawsuit. Following a judgment against him in the trial court, Stokey has prosecuted an appeal which is now pending. On the basis of Stokey's presently imperfect claim, and the possibility of a subsequent claim by him against the

defendant here, the defendant would have this Court characterize Stokey as an indispensable party and compel his joinder.

 Generally, a transferee of rights under a patent is not an indispensable party to a suit protesting its infringement unless the transfer is so inclusive and encompassing as to amount to a complete assignment. E. W. Bliss Co. v. Cold Metal Process Co., 174 F. Supp. 99 (N.D. Ohio 1959); 3 Moore's Federal Practice § 19.14 (2d Ed.1950). The United States Supreme Court in Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 335, 34 L.Ed. 923 (1891) listed three types of transfer which would place the transferee in the position of an indispensable party to an infringement suit:

> "The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. * * * Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement."

The Court has alluded *via obiter dicta*, that equity cannot act unless both patentee and licensee join in the complaint. Independent Wireless Telegraph Company v. Radio Corporation of America, 269 U.S. 459, 466, 46 S.Ct. 166, 70 L.Ed. 357 (1926). But this unnecessary statement has been disregarded, and Courts have generally agreed that a mere licensee is not indispensable to an infringement suit by the patentholder. Bliss, supra; Cold Metal Process Co. v. Aluminum Company of America, 200 F. Supp. 407 (E.D.Tenn.1961); Colmol Co. v. Goodman Manufacturing Company, 5 F.R.Serv.2d 19a.1 Case 8 (N.D.Ill.1961); Holliday v. Long Manufacturing Company, Inc., 18 F.R.D. 45 (E.D.N.C.1955); Sachs v. Montague Shoe Company, Inc., 16 F.R.D. 328 (E.D.N.Y.1954).

Motion overruled.