**MINNESOTA MINING & MANUFAC-
TURING COMPANY, Plaintiff,**

v.

**NORTON COMPANY, Studebaker-Pack-
ard Corporation**

**and**

**Hadco Corporation, Defendants.**

No. 37154.

United States District Court
N. D. Ohio, E. D.

Oct. 5, 1964.

Thomas V. Koykka, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for plaintiff, Harold J. Kinney, Stanley G. DeLaHunt, Richard E. Brink, Carpenter, Abbott, Coulter & Kinney, St. Paul, Minn., of counsel.

George H. Rudolph, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendant, John W. Malley, Allen Kirkpatrick, Cushman, Darby & Cushman, Washington, D. C., of counsel.

Hugh E. Smith, Troy, N. Y., for defendant Norton Co.

CONNELL, Chief Judge.

Upon the plaintiff's request for admissions of fact we come finally to the last stage of discovery proceedings in this case. Quite obviously, this is an important and a complex case, which may explain why discovery has thus far crept along at a tortuous pace. We are the third member of this Court to be confronted with the problems of this case. After extended and exhaustive labor last year, Judge McNamee resolved the disputes over interrogatories. On April 13th, 1964, Judge Jones, after arbitrating a dispute as to whether the case should be passed from our last non-jury calender, ordered "that this case be passed from the current non-jury trial assignment for the term to be included

1

in the next list of cases for trial on a non-jury list, to be marked 'Must be tried, settled or dismissed.' "

Our experience with the case teaches us that this is a bitter lawsuit—too bitter. Upon motion by the defendants to produce documents, a claim of privilege was interposed by the plaintiff. We then found the defendants accusing the plaintiff of using the attorney-client privilege to hide fraud which the patentees had allegedly perpetrated on the Patent Office. It is a serious charge to accuse people of intentionally perverting the system by which we preserve that spirit of inventiveness which has made our country an industrial giant. On July 30th and 31st we held an informal hearing in chambers to investigate the charge of fraud. Over that week-end we reviewed those documents and the charge of fraud faded. The contentious attitude of the parties, however, has not faded.

Now, we are confronted with the plaintiff's requests for admissions of fact. They are, at best, irresponsible. Rule 36 is designed to eliminate the necessity of proof of a fact where the parties recognize that the fact is obvious. This rule is really a complement to judicial notice. The rule is supposed to be a time saver. The plaintiff has sought here, however, to try the whole lawsuit on paper. There are approximately 370 requests. The defendants have admitted or denied about 25 of these without qualification; another 25 are admitted or denied with qualifications. The defendants object to the rest.

Before reaching a discussion of the objections, we address the plaintiff's suggestion that the qualified answers of the defendant, Norton Company, "are handled in such a way as to frustrate the purposes of Rule 36, and to frustrate any effective use of admissions in this regard as evidence." In short, the plaintiff accuses the defendant of evasiveness. On the contrary, we think the defendant was being as precise as it dare be. For example, the plaintiff's first complaint as to the answers given to Requests 2(a)–(c). This Request reads as follows:

"During the period from 1940 up to about 1955, Behr-Manning (a) was a corporation of Massachusetts, (b) was a subsidiary of Norton Company, (c) was a wholly owned subsidiary of Norton Company."

It appears that the plaintiff is seeking to determine the citizenship of Behr-Manning and its legal relation to the defendant Norton. The defendants responded by stating:

"Behr-Manning was a corporation of Massachusetts, partly owned but never wholly owned by Norton Company."

This does not seem to the Court to be an evasive answer, but rather one that is simple and direct and should not be the subject of complaint.

Turning our attention to those requests which are objectionable to the defendants, we are confounded by the practical problems which they pose. If the Court were to give that degree of concentrated attention necessary to a judicial evaluation of each request against each objection, this case would be the sole preoccupation of the Court for days and weeks. No one is entitled to such a monopoly upon such a motion. In this respect the misuse of Rule 36 makes it a time waster. For example, the plaintiff has framed some requests with language from the text of depositions. We could not know whether these extractions fairly represent the deponent's testimony without reading the entire deposition. We direct the plaintiff's attention to Request 12:

12. "By at least 1956 or going into 1957 and on into 1958", Behr-Manning Company was "endeavoring" to sell and promote, in the "floor maintenance field", an item under the trade designation "Screen-Bak", but the "item was not fully competitive with steel wool."

This quotation comes from the deposition of one Merrill whose deposition has not even been filed with the Court. The defendants, in support of their objections, claim that the witness' testimony was more expansive (Dfts. Reply Brief, p. 6):

" * * * the item was not fully competitive with steel wool *in what I call the final polishing operation.*" (Emphasis added)

Thus the claim is made that the plaintiff omitted the last phrase of Merrill's testimony. Only a careful reading of a substantial portion of that deposition would enable us to determine whether the omission in the plaintiff's request was a fair one.

 The Court is not intimating that the plaintiff is not entitled to some discovery and some admissions of fact. But the plaintiff is not entitled to force the defendants to admit or deny the plaintiff's carefully phrased statements on the crucial issues in the case. The plaintiff may not surreptitiously invite defendants to admit to comments about the state of the art. If the plaintiff is sincerely attempting to "confine trial to matters about which controversy exists," it is hardly expected that the defendants will admit to statements which would support the validity of a patent where the defendants have denied validity. For example, no court would order a party to admit or deny Request 73(i) (ii) [1]; it obviously calls for an opinion involving a legal conclusion upon a subject of critical issue in this lawsuit.

The liberal limits of discovery under the Federal Rules have not wholly eliminated surprise, but have only eliminated unfair surprise.

We have attempted to simplify pretrial discovery so that neither side can secure an unfair advantage. We have attempted to smooth the path to trial so that unnecessary technicalities no longer obstruct the search for truth. As we said in Wirtz v. W. G. Lockhart Construction Co., 230 F.Supp. 823 (N.D. Ohio, Connell, J., 1964):

"It has always been this Court's impression that the Federal Rules of Civil Procedure were and are designed to introduce a sense of reality to the procedural aspects of lawsuits and to free litigants from the niceties of the common-law writs and the nuances of code pleading." (p. 830)

But nowhere is it suggested that the Federal Rules have abrogated the adversary system and reduced the trial to a mere formality. To paraphrase Shakespeare, the trial is still the thing.

Therefore, we cannot expose the defendants to trial of the entire case by stipulation or denial on paper as the plaintiff would have us do by compelling answers to these requests.

So often in patent cases parties want their opponents to admit everything, to answer all interrogatories and to produce all documents, yet they themselves refuse to admit very much, to answer any significant interrogatory, or to produce any telling documents without argument before a court. There is rarely a spirit of co-operation. Nothing is done voluntarily; everything requires an order of court. We realize that important rights are involved in patent suits, rights which protect the most effective stimulant to our economy—inventiveness. To a certain extent, however, every lawsuit involves important rights; yet no other segment of cases on our docket produces such consistent examples of bitterness, stubbornness and pettiness. The adversary system need not produce such constant hostility. We are well aware that attorneys are but mirrors of their clients, and we would not blame the mem-

---

1. (i) On the broad idea of an abrasive article comprising "a three-dimensional open non-woven web having substantial loft and a high proportion of internal voids", * * * (ii) The Hoover et al. patent in suit No. 2,958,593 is the basic patent in the United States on such an abrasive article.

bers of the bar for the attitudes of their clients. Yet the situation exists, and lawyers must control it.

Because these particular requests for admissions of fact are oppressive and burdensome, and are a further expression of the acid aura in which the lawsuit has progressed, the objections of the defendants are sustained.