**TRABON ENGINEERING CORPORA-TION, an Ohio corporation, Plaintiff,**

v.

**EATON MANUFACTURING COMPANY, an Ohio corporation, Defendant.**

No. C 63-72.

United States District Court
N. D. Ohio, E. D.
Dec. 9, 1964.

52

Charles B. Gordon, Cleveland, Ohio, for plaintiff.

Jerome F. Kramer, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is an action alleging patent infringement and false marking, in which plaintiff seeks an injunction, an accounting, treble damages, a share of the penalty provided for defendant's alleged false marking and other stated relief. Defendant denies plaintiff's allegations, sets forth four separate defenses thereto, and counterclaims seeking a declaratory judgment, antitrust damages and other relief.

On January 20, 1964, the plaintiff addressed a total of 159 interrogatories and 146 requests for admissions to the defendant, and on April 30, 1964, the defendant filed objections to 130 of the interrogatories and 78 of the requests for admissions. On June 10, 1964, plaintiff filed a brief and appendix opposing these objections and, in addition, moved that defendant be ordered to supply further answers to 26 of the interrogatories which had been answered previously and that it be ordered to admit or deny plaintiff's request for admission 134.

Defendant filed a reply brief on July 2, 1964, which set forth new grounds and elaborated on previous grounds for objection, and defendant also filed a brief in opposition to plaintiff's motion of June 10, 1964. On July 13, 1964, plaintiff filed a reply brief.

Chief Judge Connell of this District, writing in the case of Minnesota Mining & Mfg. Co. v. Norton Co., 36 F.R.D. 1 (1964), stated, at page 2:

"If the Court were to give that degree of concentrated attention necessary to a judicial evaluation of each request against each objection, this case would be the sole preoccupation of the Court for days and weeks. No one is entitled to such a monopoly upon such a motion."

Judge Paul Jones of this District, in Anocut Engineering Co. v. Hicarb Corp., Civil No. 36818 (1963), wrote:

"It is the judgment of the Court that the defendant's interrogatories and requests for admissions go far beyond that which is reasonable. * * * This large number of motions is burdensome not only to the opposing party but also to the Court."

In light of the foregoing, this Court ordered an oral hearing which was held on October 2, 1964. At the oral hearing counsel agreed to attempt a resolution of their differences and on October 15, 1964, the Court received letters from both counsel reporting that many of their differences had been resolved; nonetheless a considerable number remained for the Court's determination.

On October 16, 1964, defendant moved for leave to file memoranda defining the remaining areas of controversy. Plaintiff objected to the filing, alleging the memoranda set forth grounds for objection which were in addition to those made in defendant's briefs of April 30 and July 2, 1964.

Rules 33 and 36, Federal Rules of Civil Procedure, reveal the following language with respect to filing objections:

*Rule 33:*

"Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time."

*Rule 36:*

"Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves * * * (2) written objections * * *."

No time limit was requested within which defendant was to answer or object to the requests for admissions; thus it will be held that a reasonable time was allowed.

In relation to time limits for the filing of motions, 2 Moore's Federal Practice, 2nd Ed., states, at pages 1543–44:

"Where the rules require a motion to be made within a specified time * * * may a timely motion be amended, after expiration of the period, to state new grounds? The cases are in conflict. The prevailing view is that the purpose of the time

limitation would be defeated if a party could file a skeleton motion and later fill it out; or add new grounds. A motion to amend in such a case may be regarded as a motion to extend the time, which may not be granted under Rule 6(b), except where the amendment really amounts only to an elaboration of a ground already set out in the motion."

This reasoning is applicable to the present case in that defendant has had ample and reasonable opportunity to state its objections; therefore defendant's memoranda filed on October 15, 1964, will be considered only insofar as they elaborate upon grounds previously advanced.

Due to the considerable number of objections and requests for further answer, every ground advanced will not be formally discussed but the parties may be assured that all have been carefully considered. The Court will first discuss defendant's objections to plaintiff's interrogatories.

The objections to interrogatories 40 (a)–(f) and 44(a)–(d) and (f) will be overruled.

As to interrogatories 72(a)–(e) and 74, the interpretation of plaintiff appears to be correct and the objections to them will be overruled.

■ One of the grounds for objection to interrogatory 90 is that it goes only to profits and damages. 4 Moore's Federal Practice, 2nd Ed., pages 1229–31, states:

"The Sinclair case is still good law under the Rules. While the measure or amount of damages is clearly a 'matter * * * which is relevant to the subject matter involved in the' action, the court in its discretion may order discovery as to damages to be deferred until after a determination as to the plaintiff's right to recover. Thus in a patent, copyright or trademark infringement suit, where the plaintiff seeks an injunction and an accounting, the court will not ordinarily permit the plaintiff to obtain discovery on the question of damages, until after the question whether the plaintiff has a right to an accounting has been determined. Since discovery on the question of damages in such an action may entail the inspection of books covering transactions over a period of years, an order requiring the defendant to produce the books for inspection, or to give testimony, before the right to an accounting has been determined, might impose an unnecessary and onerous burden on the defendant, and in addition might result in an unnecessary disclosure of defendant's business affairs to a competitor."

The Court has commented upon this general rule in Harvey v. Levine, D. C., 25 F.R.D. 15, 16–17 (1960):

"Defendant objects to this interrogatory because it relates to damages and the 'usual procedure in patent cases is to defer consideration of damages until after the patent in suit has been held valid.'

"Defendant does not allege that the information requested would reveal matters of a confidential business nature to a competitor, or that the mere furnishing of information as to the number of gaskets sold over a certain period of time would be burdensome or oppressive. The authority cited by defendant relates to postponement of an accounting, which is apt to be far more time consuming than merely reporting numbers of units sold."

In the present case defendant has not alleged that the information requested would reveal matters of a confidential business nature or that furnishing the information would be burdensome or oppressive; therefore this ground for objection will be overruled, as will the other grounds for objection to interrogatory 90.

Interrogatory 91 states in part:

"With respect to the Farval-Tanway manifold referred to on pages 4 and 5 of 'Bulletin No. 80, Farval Tanway, A centralized system of lubrication', state whether or not defendant asserts that:

"(a) The 'pilot' of the foregoing Farval-Tanway manifold is an 'end block' as that latter quoted term is used in defendant's U.S. patent 2,834,433."

The interrogatory contains subparagraphs (a) through (jj), all of which relate to parts of the Farval-Tanway manifold as they pertain to defendant's patent No. 2,834,433.

■ Defendant's first ground for objection is that interrogatory 91 is irrelevant since patent No. 2,834,433 is not in suit; however, defendant has admitted it applied the number 2,834,433 to parts of its products shown at displays and trade shows (Defendant's answers to interrogatories 143(d) and 147(d)); thus the interrogatory is relevant to plaintiff's charge of false marking. (See paragraph 9 of the complaint.)

Defendant next claims that if the interrogatory relates to the charge of false marking it is improper because a penalty is sought, and furthermore that a corporation cannot bring a qui tam action.

■ The false marking statute, 35 U.S.C.A. § 292, states in part:

"[a] Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public; or

"*    *    *    *    *    *

"Shall be fined not more than $500 for every such offense.

"(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

7 Moore's Federal Practice, 2nd Ed., page 4431, states:

"An informer's action or qui tam action is a civil action and the Civil Rules are applicable."

Furthermore it was held in Sippit Cups, Inc. v. Michael's Creations, Inc., D.C., 180 F.Supp. 58 (1960), that a qui tam action brought pursuant to 35 U.S.C.A. § 292, was not a criminal action despite the fact that a penalty was provided. The case further held that a corporate defendant was not immune from the discovery process of the Federal Rules of Civil Procedure; thus the fact a penalty is sought does not protect defendant from discovery.

Defendant cites Forest R. Etling, Inc. v. Weatherseal, 58 F.Supp. 269, 269–270 (N.D. Ohio, E.D. (1944), Jones, J.), which states:

"I think that informer suits such as this, by reason of their nature, contemplate that the plaintiff must be a natural person. This forecloses the right of a corporation to bring the suit. Considering the character of the case, the Court is unwilling further to extend the meaning of the word 'person', as used in the statute, to include corporations."

It is important to note that the decision in Etling was rendered in 1944 when 1 U.S.C.A. § 1, stated in part:

"[T]he word 'person' *may* extend and be applied to partnerships and corporations, * * *." (Emphasis added.)

1 U.S.C.A. § 1, was amended in 1948 and now states in part:

"In determining the meaning of any Act of Congress, unless the context indicates otherwise * * *

*    *    *    *    *    *

"The words 'person' and 'whoever, *include corporations*, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals; * * *." (Emphasis added.)

Subsequent to this amendment two courts have considered the specific question and both have held that a corporation is a "person" within the meaning of 35 U.S.C.A. § 292. Rembrandt Electronics, Inc. v. Spirling Products Co., Inc., 137 USPQ 870 (D.C. New York, E.D. 1963); Victoria-Vogue, Inc. v. Valcourt, Inc., 148 F.Supp. 160 (1956). The reasoning in Victoria is persuasive (p. 172):

"Secondly, on the substantive merits of the question I see no reason for limiting the word 'person' to a natural person. Moreover, the distinction suggested in the Etling case is largely one of form and not of substance, for it would be a simple matter to have a person who is an officer, director or agent or otherwise connected with the corporation to serve as the plaintiff-informer. With the great growth of the corporate form of doing business it would be more realistic to permit a corporate-plaintiff to serve as the plaintiff-informer. In the final analysis the informer type of action is merely a law enforcement technique to promote compliance with the patent statute. To eliminate corporate informers or create procedural roadblocks would tend to obstruct law enforcement."

Defendant's final objection to interrogatory 91 is that it calls for the interpretation and construction of a patent and calls for an opinion. The interrogatory inquires whether separate parts of a product manufactured by defendant are or are not described in one of defendant's own patents; thus an answer thereto would not require an opinion, particularly when considered within the framework of the purposes of pretrial discovery. See Textrol, Inc. v. The D. C. Oviatt Co., Civil Action No. C 63–234, N.D. Ohio, E.D. (1964), 37 F.R.D. 69, Kalbfleisch, J.

Judge Jones of this District stated in Hoak v. Empire Steel Corp., D.C., 5 F.R.D. 330, 331 (1946):

"In patent infringement actions, a party will not be required to answer interrogatories asking for construction of a patent claim, since a construction of a claim is an opinion and the purpose of interrogatories is to elicit facts."

Judge Jones further stated, at page 331:

"Where the interrogatories will simplify the case for trial they should not be held improper merely because they are in the language of the claims of a patent. But a party should not be required to construe the claims of a patent, make detailed comparisons of the devices involved in the litigation, or give opinions concerning them."

Since the Hoak decision there has been a discernible trend toward extending the bounds of the discovery process. Judge Jones stated in Dusek v. United Air Lines, D.C., 9 F.R.D. 326, 327 (1949), that:

"It will be conceded that any person answering a question relating to a fact must base his answer upon conclusion, inferences, opinions or evaluations of certain things he has perceived. It also will be conceded that very little, if any, of the 'factual information' possessed by a human being is not based upon inference, deduction or conclusion."

Judge Jones later stated in Drake v. Pycope, Inc., D.C., 96 F.Supp. 331, 331–332 (1951):

"This court has many times in the past indicated that the proper method is the use of the discovery procedures, and cannot allow discovery by interrogatories to become entangled in a mass of objections, else the defendant will be wholly unable to obtain the necessary information. This is especially true where plaintiff does nothing more in his complaint than give notice of the lawsuit. Objections going to opinion or interpretation of claims therefore

must be brushed aside where, as here, the interrogatories are directed to discovery of the exact nature of plaintiff's claim.

"It would be reasonable to believe that the information sought by these interrogatories probably had been collected by plaintiff, collated and compared with the alleged infringing device, with the result that plaintiff reached a definite conclusion that in some particular way defendant's device infringed. Upon these conclusions plaintiff will rely and defendant should be informed of them. More particularity is indicated."

This Court collaborated with Judge Jones and Judge Green of this District in a memorandum which stated that an interrogatory calling for a factual inference or conclusion is proper, whereas an interrogatory calling for a legal conclusion is objectionable. Zinsky, Peake and Pastorius v. New York Central R. R., C 63–198, C 63–349, and C 63–622, 36 F.R.D. 680 (1964).

Judge Green also recognized a trend toward extension of discovery bounds when he stated in Lee v. The Electric Products Co., C 63–404 (1963), 37 F.R.D. 42, pages 45, 46, that:

"Interrogatories 16, 17, 18, 19, 20, 21, 22 and 24 are of a similar nature. All describe a different hoist drive, inquire if the described device would constitute an infringement of the subject patent, and if so, what claim or claims and in what respect. Objection is made on the basis that the answers require plaintiff to make a legal conclusion by construction of the subject patent, * * *.

"The Court is of the opinion that in this action, where the complaint is clearly a notice pleading only, plaintiff should answer interrogatories 16, 17, 18, 19, 20, 21, 22 and 24, to the extent of stating whether the described devices would be considered an infringement of the sub-

ject patent and what claim or claims thereof. Plaintiff's objections will be sustained as to that portion of the interrogatories which inquire in what respect the devices described would be considered infringements, as those answers would require a detailed technical comparison of the patent and the described devices. It is the Court's opinion that this procedure strikes a balance between the traditional view regarding discovery of construction of patent claims and the rationale of the decisions hereinabove considered.

"Interrogatories 27, 28, 29 and 30 are likewise objected to as requiring an interpretation of the patent. These interrogatories differ from those just considered, in that they inquire whether plaintiff makes certain contentions with regard to the language and disclosures of the subject patent. It is the Court's opinion that while it may be said that interpretation is here involved, it is only collaterally so, and the primary function of these interrogatories is elucidation. In considering this problem, Professor Moore has observed:

"'* * * [Quoting from 4 Moore's Federal Practice, 2nd Ed., pages 2310–2311.]'

"Reflective of this philosophy is the ruling in * * * wherein the plaintiff was ordered to answer interrogatories as to what construction would be urged as to certain language in the patent in suit. The objections * * * will be overruled."

The late Judge McNamee of this District stated in Felburn v. The New York Central R. R., Civil No. 36021 (1962):

"Plaintiff objects to interrogatories 2–14 on the ground that each of said interrogatories requires the plaintiff compare the claim of the patents with the infringing structure, thereby seeking to elicit opinions rather than facts. It is urged

that in patent infringement actions a party is not required to construe claims or to make detailed comparisons of or give opinions concerning devices involved in the litigation. Each interrogatory in express terms seeks to ascertain plaintiff's contentions in respect of the specific matters referred to therein. Answers to these interrogatories would require a comparison of the patent claims with the accused device and this would involve comparisons and implicitly the expression of opinions. Plaintiff submits authorities holding that a party should not be required to construe patent claims, make detailed comparisons of devices involved in patent litigation, or give opinions concerning them. Hoak v. Empire Steel Co. * * *

"The significant observations of Professor Moore on this subject are highly persuasive of the desirability of allowing interrogatories such as those mentioned above. Among other things he says:
' * * * [Quoting from 4 Moore's Federal Practice, 2nd Ed., pages 2311–12.]'
"The above reasons stated by Professor Moore are applicable here."

Chief Judge Connell of this District stated in Meese v. Eaton Mfg. Co., D.C., 35 F.R.D. 162, 165–166 (1964):

"Interrogatories 17 through 42 are objected to on the ground that they seek to elicit opinions and contentions of the plaintiffs; they claim that Rule 33 requires that parties disclose only matters of fact. This is no longer true. In the early days of the Federal Rules, interrogatories were restricted to facts, and no opinions could be demanded. Hoak v. Empire Steel Corporation, 5 F.R.D. 330 (N.D.Ohio 1946). After some experience with this restriction, Courts have gradually discarded it. The better view permits interrogatories addressed to matters of opinion when an answer would serve a substantial purpose in expediting the lawsuit. * * * Therefore,. Interrogatories 17 through 23, which call for the opinions of the plaintiffs concerning their patent, are not objectionable; the full explanation of the patent in suit might clarify the issues in this case."

See also 4 Moore's Federal Practice, 2nd Ed., pages 2310–2312.

In view of the trend in this District and of the fact that answers to interrogatory 91 may narrow the issues, defendant's objections will be overruled.

The objections to interrogatories 92, 93 and 94 will be overruled.

Interrogatory 95 is as follows:

"State whether defendant asserts that there are any claims of U. S. patent 3,025,929 that include any term or terms that do not apply to the basic Farval-Tanway system referred to on page 4 of Exhibit A attached to defendant's requests for admissions served on plaintiff May 17, 1963, and name each such asserted claim, if any."

▮▮▮ Plaintiff has cited Meese, supra, in which the following statement was made (p. 166):

"Interrogatories 24 through 42 are directed to the contentions of the plaintiffs, and their objections are not well taken. The plaintiffs object that these questions call for conclusions and opinions of law, which parties are not required to express. United States v. Selby, 25 F.R.D. 12 (N.D. Ohio 1960). The interrogatories objected to each inquire whether a part of defendant's product infringes upon plaintiff's patented product; quite obviously this calls for an opinion involving a point of law. The prohibition against interrogatories requesting a legal opinion is rooted, though, in the fact that parties generally are unable to answer or express such an opinion.

"The assertion and discussion of legal theories, and the classification of facts in support thereof, should be by the lawyers.' United States v. Selby, 25 F.R.D. 12, 14. In patent cases, however, the Court can think of no one *more qualified* than the inventors to express opinion as to what constitutes theft of their inventiveness. Therefore, the interrogatories directed to the contentions of the plaintiffs may stand."

It is apparent in the question that the interrogator has adroitly employed the word "asserts" to disguise what in reality is a request that defendant compare its product to plaintiff's product. An answer may well narrow the issues, however to answer would require a legal conclusion which is best left to an attorney; therefore, the objection will be sustained. See United States v. Selby, 25 F.R.D. 12 (N.D.Ohio, E.D. (1960), Kalbfleisch, J.)

The objections to interrogatories 96, 98, and 99 will be sustained.

The objections to interrogatories 97 and 100 will be overruled.

The objections to interrogatories 101 and 102 will be sustained.

The objections to interrogatories 125, 127(a)–(f) and (i)–(m), 140, 141, 142, and 146 will be overruled.

One of defendant's grounds for objection to interrogatory 149 is that subparagraphs (a), (b), (h), and (k) "are objected to as oppressive and excessively burdensome because at least 60 days of continuous research would be required to obtain the answers to this question."

In Frito Co. of Cleveland v. Morton Salt Co., 10 F.R.D. 384, 385, Judge Jones of this District stated:

"It is evident, however, that the compilation of the answers to these interrogatories will cause great inconvenience and expense to the defendant. Various independent Frito companies, some of which have been in existence for about 20 years, are scattered throughout the United States. Defendant has no central office in which sales records are kept, and the information desired must be obtained from a search of the records of 39 different district sales offices, and inquiries directed to a staff of more than 600 salesmen. Since the interrogatories in no way limit the scope of the information desired, it is conceivable that a search of each district office's records for the last 20 years must be made."

In the present case defendant has not presented, by affidavit or otherwise, information which would remotely correspond to the information on which Judge Jones based his decision in regard to the objection of burden and expense in the Frito case. Furthermore, it is stated in 4 Moore's Federal Practice, 2nd Ed., page 2316, that:

"A general objection that interrogatories are onerous and burdensome and require the party to make research and compile data raises no issue. The objection must make a *specific showing of reasons* why the interrogatory should not be answered." (Emphasis added.)

The objection will be overruled.

The objections to interrogatories 151 and 153 will be overruled.

The objections to interrogatories 155 and 156 will be sustained.

In regard to defendant's objections to plaintiff's requests for admissions, it has been stated in 4 Moore's Federal Practice, 2nd Ed., page 2711 that:

"As pointed out earlier, the procedure for obtaining admissions of fact should be used to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. * * * It is not intended to be used to cover the entire case and every item of evi-

dence." See also Peck v. Clesi, et al., Civil No. C 62–889, N.D.Ohio, E.D. (1963), 37 F.R.D. 11, Kalbfleisch, J.; Wedding v. Tallant Transfer Co., Inc., Civil No. C 62–289, N.D.Ohio, E.D. (1963), 37 F. R.D. 8, Kalbfleisch, J.

This Court has previously held in Raymond Lantz v. New York Central R. R., Civil No. 36766 (1963), 37 F.R.D. 69, page 69, that:

"Admissions sought under Rule 36 should not be of such great number and broad scope as to cover all the issues of a complex case. \* \* \* Obviously, admissions should not be sought in an attempt to harass an opposing party. Likewise, there are times when, because of the sanctions imposed by Rule 37, requests for production of documents and the propounding of interrogatories are more appropriate methods of obtaining information. A request for a party's admission of a legal conclusion or opinion hardly seems to be an appropriate procedure; however, Rule 36 does provide a procedure whereby the necessity of proving obviously true but complicated facts is eliminated."

The objections to requests for admissions 50, 51, 52, 56, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 114, 115, 116, 117, 120, 128, 132, 143, 144, 145 and 146 will be sustained.

The objections to requests for admissions 58, 59, 60, 76, 90, 113, 125, 126, 127 and 129 will be overruled.

■■■■■ Plaintiff's motion for further answers requires comment only as to whether defendant can answer one of plaintiff's interrogatories by referring plaintiff to defendant's answer to a previous interrogatory, or interrogatories.

There is authority that answers to previous interrogatories would be sufficient answer to the interrogatory in question. See Lowe v. Greyhound Corp., D.C., 25 F.Supp. 643 (1938). However, it cannot be claimed that Lowe or any other authority has made this an inflexible rule to be applied in all circumstances. In fact, the situation in the present case closely corresponds to that existing in United States v. Watchmakers of Switzerland Information Center, Inc., 2 Fed. Rules Serv. 2d 33.353, Case 3 (1959), where it was stated, at page 546, that:

"I have attempted, by following the references given in the answers to Interrogatories Nos. 143 and 144, to ascertain whether such references do give adequate answers. Possibly extended efforts on my part would enable me to spell out such complete answers. I do not, however, believe that either I, or the defendants, should be forced to pursue this laborious process. Plaintiff has indicated in its answer to Interrogatory No. 126 that it can efficiently answer a similar type of interrogatory in detail with no cross-references. The plaintiff is, therefore, directed to serve a further answer to Interrogatories Nos. 143 and 144, which will enable defendants to obtain the information requested without referring to numerous other documents or answers which may or may not be completely relevant to the inquiry."

The motion for further answers to interrogatories 69, 70, 71, 73, 75, 77(b), 78, 79, 80, 86, 87, 90, 121, 143, 145 and 147 will be sustained.

The motion for further answers to interrogatories 1, 2, 3 and 4 will be overruled.

The motion to order defendant to admit or deny request for admission 134 will be overruled.