**BANANA DISTRIBUTORS, Incorporated, et al., Plaintiffs,**

v.

**UNITED FRUIT COMPANY, Fruit Dispatch Company, and John A. Werner, Defendants.**

United States District Court
S. D. New York.

Dec. 28, 1955.

Smith, Sargent, Doman & Grant, New York City, for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants.

NOONAN, District Judge.

The defendants in the above entitled action have filed certain objections to the plaintiffs' interrogatories and, in a companion motion, have also moved for certain relief, namely: (1) a stay of all proceedings in this action pending final disposition of a government civil anti-trust suit now pending in the United States District Court for the Eastern District of Louisiana; and/or (2) dismissal of a substantial portion of the plaintiffs' complaint; or, if (1) and (2) are denied, (3) staying the trial of the portion of the complaint referred to in (2), pending final disposition of the Louisiana case, and/or (4) striking the plaintiffs' demand for a jury trial and transferring this case to the non-jury calendar; and/or (5) striking the jury demand insofar as it would apply to certain equitable issues herein involved and transferring the trial of these equitable issues to the non-jury calendar.

Since the motion dealing with the pleadings could dispose of much of the case, it will be discussed before the motion dealing with objections to the plaintiffs' interrogatories.

In the first portion of the former motion, the defendants request a stay of all proceedings in this action pending the final disposition of the government anti-trust suit now pending in another court.

This court has now been advised that in the one and one-half years since the government action was filed in the District Court in Louisiana, the defendant, United Fruit Company, has received a total of fifteen continuances extending its time to answer the government's complaint. Under these circumstances, and in view of the well-known duration of government anti-trust actions, and especially in view of the fact that this private anti-trust action substantially preceded the government action, it would not be equitable to stay these plaintiffs' rights to proceed for such a lengthy period of time. Should the time come, however, when, the defendant actively proceeds with the Louisiana action, and then finds itself unable to properly conduct its defense in both places at the same time, further application may be made to the court. At the present time, however, in view of the already lengthy delays in the Louisiana action, this court will deny the defendants' first request for relief.

In its second request, the defendants ask that much of the prayer for relief contained in various portions of the complaint be stricken or dismissed because it resembles a government complaint brought on behalf of the United States

rather than being limited to the events occurring in a relatively local area.

The portions sought to be stricken are alleged to amount to causes of action which assertedly should be dismissed.

Defendants urge that plaintiffs would not be entitled to much of the relief they seek, and defendants move pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., without specifying what sections or subsections of the rules are relied upon.

■ It must be stated that the 37-page complaint in the instant action is most unlike a complaint in an average private anti-trust action, because it seeks such broad and diversified relief. That fact, however, does not, per se, establish that the relief sought may not be had.

■ Examining the several grounds upon which the defendants might be relying in their reference to Rules 12 and 56 of the Federal Rules of Civil Procedure, the court concludes that this portion of the motion is either one for partial summary judgment or partial judgment on the pleadings or one to strike certain matters from the complaint.

Were the motion to strike made before the answer was filed, this court would have been sympathetic to an attempt to delete the "archaeology" therein, but such was not the case.

In view of the affidavits submitted in connection with the motion and material thereto, and in view of the fact that the defendants have long since filed their answer, the sole remaining means for the relief sought is partial summary judgment pursuant to Rule 56(b).

This is sought on the alleged claim that the relief prayed for by the major portions of the complaint is broader than the law would allow and that it should, therefore, be denied as a matter of law at this time.

It should be noted here that the basis of the asserted damage to plaintiffs' business is the alleged control of prices and manipulation of supply by the defendants. Plaintiffs have asserted, and are entitled so to do, that their damage in the relatively local area was the outgrowth of the defendants' actions in a much larger area. The situs of the alleged monopoly need not be co-extensive with the situs of the claimed injury.

In view of all this, we cannot say at this time what measure of relief, if any, should be ultimately allowed by the trial judge; but it is safe to say that, if the plaintiffs prove their case, they will be entitled to such relief, beyond monetary damages, as will enjoin certain acts of the defendants which threaten loss or damage to the plaintiffs' business.

That relief, while not likely to be as broad as the prayer for relief contained in certain areas of the complaint, is not for this court to limit at this time.

■ It is the opinion of this court, however, that the entire complaint does state a claim upon which some relief could be granted, and that the defendants' answer denies material portions of that complaint. The denials set up substantial issues of fact, and these facts remain in issue at this time. Accordingly, this court finds that partial summary judgment is not applicable to this case.

The third branch of defendants' motion seeks a stay of the trial of those portions of the complaint which they sought to strike or dismiss in the preceding branch of their motion, until the final disposition of the Louisiana action. For the reasons given in that portion of this opinion addressed to the first branch of defendants' motion, this request too is denied.

The fourth and fifth branches of the defendants' motion seek to strike the plaintiffs' demand for a jury trial and transfer the action in whole or in part, respectively, to the non-jury calendar.

By virtue of the relief sought, the plaintiffs' complaint is both legal and equitable in nature, treble damages be-

**14**

ing a penal and hence legal remedy, and the injunctive, declaratory and other relief sought being equitable.

■ A leading case in its field, Ring v. Spina, 2 Cir., 166 F.2d 546, certiorari denied 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368, is authority for the fact that a complaint such as the instant one may seek both legal and equitable relief. It is clear as well that the right to a jury trial does not extend to the equitable issues, but must be allowed on the legal issues. See Fanchon & Marco, Inc., v. Paramount Pictures, 2 Cir., 202 F.2d 731, 36 A.L.R.2d 1336.

A satisfactory solution to a similar vexing problem was reached by Judge Samuel H. Kaufman in the case of Ralph Blechman, Inc., v. I. B. Kleinert Rubber Co., D.C., 98 F.Supp. 1005. In his decision, pointing out that the defendants' motion to strike the jury demand and transfer the case to the non-jury calendar should be denied, Judge Kaufman stated that the plaintiff was entitled to a jury trial as to at least part of his case and that whether the equitable issues should be separately tried by the court, and if so, whether such separate trial should precede the trial of the legal issues, are matters within the discretion of the trial judge.

■ In the opinion of this court, severing the two phases of the case at this time would lead to both needless expense and consumption of time. The judge who presides at the trial of one phase should preside at the trial of the other phase, and, unless it should prove confusing to the jury, or prejudicial to the parties, the two should be tried at the same time. Whether confusion or prejudice would arise is, of course, more likely to be within the knowledge of the trial judge.

■ Returning now to the defendant, United Fruit Company's objections to plaintiffs' interrogatories, we will rule on them as follows:

Defendant's objections to plaintiffs' interrogatories dated July 14, 1955, are sustained insofar as the interrogatories seek information about companies other than defendant United Fruit Company and/or its subsidiaries. In all other respects, the objections are overruled. It is noted that these interrogatories look toward the propounding of further interrogatories, but that, as yet, only form numbers and brief descriptions are called for and that the information is sought only as to series of documents regularly maintained for the past ten years.

Defendant's objections to the plaintiffs' interrogatories dated July 28, 1955, are overruled except that annual instead of monthly figures will be considered compliance with the second interrogatory of that date where quarterly reports covering the requested items have not already been compiled. Where such quarterly reports have been compiled, they will be supplied in place of annual reports.

Where information sought is "non-obtainable", as asserted in defendant's memorandum to the court, a sworn statement to that effect will suffice as to the items which cannot be supplied.

In view of the number of items sought by the plaintiffs herein, the defendant, United Fruit Company, will be allowed thirty days from the date it receives a copy of this opinion within which to answer the plaintiffs' interrogatories as amended herein.

So ordered.