BANANA DISTRIBUTORS, Incorporated, Percival B. Elbaum, Edith Elbaum, Joan S. Elbaum and Jerome D. Elbaum, minors, by Percival B. Elbaum, their guardian ad litem, and the Inland Corporation, Plaintiffs,

v.

UNITED FRUIT COMPANY, Fruit Dispatch Company, and John A. Werner, Defendants.

United States District Court
S. D. New York.
July 23, 1956.

See also D.C., 19 F.R.D. 493.

Smith, Sargent & Grant, New York City, for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants.

DIMOCK, District Judge.

Plaintiffs, jobbers of boxed bananas, bring this action for an injunction and treble damages for violation of the antitrust laws, 15 U.S.C. § 1 et seq., against defendants, wholesalers of bananas. The complaint alleges that defendants have created a monopoly in the production, transportation and distribution of green bananas entering into the United States. Plaintiffs further allege that, through this monopoly power, defendants have discriminated against plaintiffs by price fixing, selective price cutting, withholding of supplies from plaintiffs, and adverse dumping of large quantities of bananas on the market, all to the injury of plaintiffs.

The motion presently before me in this action is one by defendants, pursuant to Rules 26, 30(b), and 45, F.R.C.P., requesting two-fold relief: (1) a partial vacating of a subpoena duces tecum served by plaintiffs; and (2) a direction that plaintiffs pay the reasonable expenses incurred in bringing to New York an employee of one of the defendants whose examination plaintiffs have noticed to take place here.

1. Defendants object to the subpoena duces tecum served by plaintiffs in that it would require the production of all Forms 34A used by defendants in their eastern division from January 1, 1946 through September 3, 1953. These forms are used by defendants to record, as to all shiploads of bananas entering their eastern division, the quality of the bananas, the purchaser, and the price at which the bananas were sold.

Defendants argue that they should not be required to provide these forms for plaintiffs' inspection. They state that plaintiffs engage in business only in Connecticut and that plaintiffs have already received the data on these Forms 34A which relate to Connecticut. They conclude that plaintiffs therefore are not entitled to these data for the entire eastern division, which includes New England, the Middle Atlantic States, portions of the midwest and south, and eastern Canada.

■ I cannot accept defendants' contention. These data may well be devoid of any additional information relating to plaintiffs' competitors in the Connecticut banana-sales market but it is apparent that they will contain information relating to defendants' treatment of plaintiffs' competitors in the eastern division banana-purchase market. Such information is certainly relevant to plaintiffs' allegations that defendants have discriminated against plaintiffs in the distribution and allocation of their alleged monopoly supply of bananas.

Judge Noonan in Banana Distributors, Inc., v. United Fruit Co., D.C.S.D.N.Y., 19 F.R.D. 11, in denying defendants' motion for partial summary judgment as to all allegations of the complaint relating to defendants' actions outside of Connecticut, stated at page 13:

> "Plaintiffs have asserted, and are entitled so to do, that their damage in the relatively local area was the outgrowth of the defendants' actions in a much larger area. The situs of the alleged monopoly need not be co-extensive with the situs of the claimed injury."

■ Defendants' motion for partial vacating of the subpoena duces tecum is denied. In view of the large bulk of the material required, however, it may, at the election of defendants, be produced at its present location for inspection by plaintiffs rather than at the place now fixed for taking the deposition.

2. Plaintiffs have noticed the examination in this district of an employee of one of the defendants who resides in Des Moines, Iowa. Defendants ask that plaintiffs be required to pay the reasonable expenses incurred in bringing the employee here for the examination.

■■ In the ordinary case involving an out-of-state defendant, a plaintiff will often be required to advance the reasonable expenses to be incurred in bringing

the defendant from his residence to this district for examination. 4 Moore, Federal Practice, p. 2040 (2d ed. 1950) and cases there cited. Here, however, there seem to be extenuating circumstances for requiring the examination of a witness away from home. Plaintiffs' attorneys, in an affidavit addressed to this question, allege, on information and belief, that the employee here involved "has been present in New York from time to time since November 17, 1955", the date this notice of examination was first served. Defendants have not controverted this allegation. If this be the fact, defendants could have avoided much of the expense involved by notifying plaintiffs of this employee's presence in New York. He could then have been examined at that time without additional traveling expenses. I therefore will not exercise my discretion to require plaintiffs to pay traveling expenses that might have been wholly or partially avoided by defendants. See Haymes v. Columbia Pictures Corp., D.C. S.D.N.Y., 16 F.R.D. 118. Plaintiffs must, however, advance his living expenses for those days on which plaintiffs require him to testify.

Defendants' motion is disposed of as follows: The subpoena duces tecum is modified to provide that, at defendants' election, the documents demanded may be produced for plaintiffs' inspection at their present location. Plaintiffs are ordered to advance the living expenses incurred pursuant to their examination in New York of defendants' non-resident employee. In all other respects defendants' motion is denied.