BANANA DISTRIBUTORS, Incorporated, et al., Plaintiffs,

v.

UNITED FRUIT COMPANY et al., Defendants.

United States District Court
S. D. New York.
Nov. 13, 1956.

See also 19 F.R.D. 244.

Smith, Sargent & Grant, New York City, Backwell Smith, New York City, of counsel, for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Porter R. Chandler, New York City, of counsel, for defendants.

IRVING R. KAUFMAN, District Judge.

This is a private action seeking treble damages under the antitrust laws. Defendants have moved for an order striking plaintiffs' interrogatories dated October 19, 1956.

Plaintiffs' right to plead a broad monopoly and to seek broad and diversified relief has been upheld previously, D.C. S.D.N.Y.1955, 19 F.R.D. 11, as has their right to discover co-extensively with the pleadings. Judge Dimock on July 23, 1956, D.C., 19 F.R.D. 532.

The defendants do not contend that the information sought by the present interrogatories is irrelevant to the assertions in the complaint. They base their objections, rather, on these two grounds: One, that the interrogatories are unreasonably broad, vague and burdensome; and two, that certain of the items seek to inquire into the attorneys' work product. The plaintiffs' dispute both of these contentions and assert that the interroga-

tories are within the scope of Rule 26(b) which is expressly incorporated into Rule 33, Fed.Rules Civ.Proc. 28 U.S.C.A.; that they do not seek the work product of defendants' attorneys; and, that if they do, they have shown "good cause" for it.

■ Since the parties have now reached agreement on the first and second interrogatories, this motion is directed only at the remaining seven. The third interrogatory asks the defendants to state the names and addresses of persons having knowledge of facts relevant to this lawsuit who were interviewed by defendants for information concerning any commercial relations with any plaintiff, or any company connected with any plaintiff, but were not asked to make a statement. This is substantially similar to plaintiffs' third interrogatory dated February 9, 1954, which sought *inter alia* the names and addresses of persons contacted by defendants or their attorneys for the purpose of securing statements but who were not requested to make such statements. This interrogatory was approved by Judge Bondy with one exception.

Defendants assert that the present third interrogatory is distinguishable from the previous one in that plaintiffs are now seeking the names of persons contacted for *information*, etc., whereas then, they were seeking the names of persons contacted for *statements*, etc. I do not believe this distinction is material. While the number of persons involved is undoubtedly increased, the phrase "contacted for information" is still reasonably specific. Furthermore, since the plaintiffs are not seeking the substance of the information obtained, but are merely requesting the names and addresses of persons contacted, this situation is not within the attorneys' work product exception.

Defendants further object to the phrase "each person having knowledge relevant to the issue of this case" as too vague. This phrase, however, limits rather than extends the number of names requested. If defendants feel it too burdensome to make the decision whether someone they contacted for information concerning any commercial relations with any plaintiff had relevant knowledge, they can remove this difficulty by supplying the names of *all* persons so contacted.

In order to allow all parties equal access to the relevant facts, Rule 26(b) provides that "the identity and location of persons having knowledge of relevant facts" is within the proper scope of examination. See 4 Moore, Federal Practice 1075–1081. While interrogatory third may prove somewhat burdensome for the defendants to answer, in view of the parties' disproportionate access to relevant information and the public policy favoring equal access, the burden is not unreasonable. The defendants, however, do not have to supply the names of those individuals whose names had been furnished to defendants by plaintiffs' own records of persons and business organizations having commercial dealings with the plaintiffs, nor need they give names which they have already given to the plaintiffs in answer to the third interrogatory approved by Judge Bondy.

■ We come now to interrogatories fourth through ninth. These interrogatories seek a description of all writings obtained by the defendants or their attorneys from third parties relating to any commercial relations between the plaintiffs and such other persons or firms. They do not seek the contents of "statements" obtained from a witness by an attorney, but rather are limited to "writings" such as correspondence, invoices, telegrams, blue prints, etc., which were in existence at the time the witnesses were approached by defendants' attorneys. Such writings are not within the Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 exception.

Defendants claim these interrogatories are unreasonably oppressive because they are unlimited as to time, place and subject. Plaintiffs' counsel, in oral argument before the Court, urged that they were necessary because it is suspected that the defendants, because of their al-

leged monopoly position, were able to obtain certain documents from their customers dealing with commercial relations between them and the plaintiffs which these customers did not or will not give to the plaintiffs.

Although plaintiffs are certainly entitled to equal access to relevant writings, requiring the defendants to describe the nature and content of what may prove to be many hundreds or even thousands of documents in a case where it is likely that the plaintiffs already have copies of most if not all is unduly oppressive. Rule 30(b) which is made explicitly applicable to written interrogatories by Rule 33, gives the Court discretion to make a protective order where it is required by justice "to protect the party or witness from annoyance, embarrassment, or oppression." Although I believe that where evidence exists which may tend to prove or disprove a disputed issue of fact great weight should not be given to the cry of burdensomeness in making it available to the parties, nevertheless, the questionable likelihood of such evidence existing and its uncertain relevancy to the case, as well as the real danger of duplicating volumes of work must be weighed against the burden which its discovery will entail. The balance in the instant situation leans toward oppression. If the plaintiffs wish to obtain the information sought in these interrogatories, at least some of the burden and effort should fall on them.

I, therefore, direct that the defendants need not answer interrogatories fourth, fifth, sixth and seventh unless and until the plaintiffs give the defendants a list of the writings which they have pertaining to commercial relations between the plaintiffs and The Great Atlantic and Pacific Tea Company and First National Stores, whether such documents were obtained through discovery procedures or whether they were in plaintiffs' possession earlier. Defendants will then signify which writings they have that are not on the list and will describe their na-

ture and content. Plaintiffs, of course, should limit the period of time covered by their list to that which is required by the issues in the case and the defendants need answer only with relation to that period.

The eighth and ninth interrogatories are entirely too sweeping. Here again, defendants need not answer unless and until plaintiffs specify which individuals, firms or companies they are referring to and then compile a list, as directed above, as to them.

If plaintiffs choose not to follow this method, they are not precluded from determining whether the defendants have obtained information from third parties which they, the plaintiffs, have not acquired, by other discovery procedures— e. g. by examining the third parties directly.

It is the fervent hope of this Court that the parties will approach compliance with this decision in a spirit of cooperation and thus spare themselves from future time-consuming applications to the Court for directions and clarification. Settle order.