**PACIFIC INTERMOUNTAIN EXPRESS CO., Plaintiff,**

v.

**ACME CARRIERS, INC., Defendant.**

United States District Court
S. D. New York.

July 5, 1962.

Strasser, Spiegelberg, Fried & Frank, New York City (Milton R. Ackman, New York City, of counsel), for plaintiff.

Werner & Alfano, New York City (Edward M. Alfano, New York City, of counsel), for defendant.

COOPER, District Judge.

Plaintiff moves for an order pursuant to F.R.Civ.P. 37(a), 28 U.S.C.A., requiring defendant's President, William F. Lennan, to answer certain questions propounded to him on his deposition upon oral examination. This action is one to recover damages for the loss of a trailer owned by the plaintiff.

On October 4, 1959, under an agreement for the interchange of trailer equipment, the plaintiff delivered its

trailer to the defendant in Chicago, Illinois. On October 7, 1959, the trailer caught fire on the New York State Thruway, near Suffern, New York. The complaint alleges that the defendant is liable to the plaintiff under the terms of the aforesaid agreement and alternatively because of defendant's negligence in the care and maintenance of the trailer while under the defendant's control.

The answer purports[1] to allege three counterclaims, all depending on whether plaintiff was negligent in delivering a defective trailer to the defendant.

The opposition to the motion is bottomed upon defendant's contention that the answers sought would disclose the results of its safety expert's examination of the damaged vehicle.

Defendant's position is utterly without merit. Were it well taken, a party could foreclose any inquiry into the particulars of the claim by the simple expedient of procuring an expert's opinion on the subject matter.

Defendant's counsel on this motion states:

"It has been made totally clear to the plaintiff that defendant's allegations of negligence on plaintiff's part were brought about by and were based upon the fact that the inspection report signed by the driver shows that the vehicle delivered to defendant was involved in a prior accident. This, as has been justly stated to plaintiff, is the basis for defendant's charges that plaintiff was negligent in its maintenance program with respect to the damaged vehicle."[2]

The allegations of the counterclaim probably suffice to meet the minimal requirements of federal pleading. By the questions propounded to the defendant's President, plaintiff is attempting to ascertain what defects are claimed to have existed of which it did have or should have had knowledge when the trailer was turned over to the defendant.

"The considerations in favor of allowing interrogatories as to the contentions of the parties are even stronger. Theorists may urge that contentions are to be set out in the pleadings and that discovery has nothing to do with such matters, but it is plain that the whole theory of the pleading and discovery rules is opposed to this. The courts have made crystal clear that pleadings are intended to do little more than give notice of the claims asserted and that the fine detail is not required or even permitted. One of the chief reasons for this, asserted over and over again in the cases, is that if the adverse party desires further information as to the subject matter of the litigation he can obtain it by use of the discovery rules. Under these circumstances, to say that "contentions" are not a proper subject of interrogatories is to subvert the whole theory of the rules and to make it more difficult for the party to find out what the case against him is about than it was under the old practice."[3] [footnotes omitted]

The motion is granted. If an order in extended form is desired, either party may settle an appropriate order on notice. Local General Rule 11(a).

1. See 6 Moore's Fed.Prac.2d ed. ¶ 54.24; Sears, Roebuck Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297.

2. Alfano affid., June 27, 1962, p. 2.

3. 4 Moore's Fed.Prac.2d ed. ¶ 33.17, pp. 2311–2312. This discussion of the scope of interrogatories, of course, applies to deposition upon oral examination, F.R. Civ.P. 33.