Thurman C. CONNELL, Plaintiff,

v.

BILTMORE SECURITY LIFE INSUR-
ANCE COMPANY, Robert J. O'Neil,
State Bank and Trust Company, Stand-
ard Building and Loan Association, and
Walter J. Bristow, Jr., Attorney, Trus-
tee for Biltmore Security Life Insurance
Company, Defendants.

Civ. A. No. AC–1657.

United States District Court
D. South Carolina,
Columbia Division.

Oct. 11, 1966.

N. Welch Morrisette, Jr., Columbia,
S. C., for plaintiff.

Roberts, Jennings & Thomas, Colum-
bia, S. C., for defendants.

ORDER

HEMPHILL, District Judge.

Defendant moves to vacate or modify
the Notice of Taking of Deposition for
the oral examination of Robert J. O'Neil,
president of the defendant Biltmore
Security Life Insurance Company.

This action arose from certain stock
transactions in shares of the defendant
Insurance Company which allegedly op-
erated as a tort on the plaintiff. Suit
was initiated in the Court of Common
Pleas for Richland County, South Caro-
lina, the complaint alleging that the "de-
fendant, Biltmore Security Life Insur-
ance Company, is a corporation organ-
ized and existing under the laws of the
State of Arizona, and owns personal
property and maintains its books and
records in Richland County, South Caro-
lina." The defendant Biltmore then re-
moved the case to this court by dint of
diversity of citizenship alleging in the
petition for removal that it "was, and is,
a corporation organized and existing un-
der the laws of the State of Arizona and
is a citizen of the State of Arizona, and
has at no time been a citizen of the State
of South Carolina."

Plaintiff served notice of the taking of the deposition of the president, O'Neil, in Columbia, South Carolina. There followed the motion at hand to vacate or modify based on the following grounds: that (1) the principal office of the corporation is in St. Paul, Minnesota where its books and records are maintained, * * * Robert J. O'Neil is president * * * and maintains his office and residence in St. Paul, Minnesota, and, therefore is entitled to have his deposition taken, if at all, in St. Paul, Minnesota * * * and (2) the testimony sought "may be obtained as well by written interrogatories * * *."

For these reasons the defendant asks that if the Notice be not vacated that it be modified to provide that if the plaintiff does not elect to examine the witness by written interrogatories that his deposition be taken in St. Paul.

Rule 30(b) of the Federal Rules of Civil Procedure places discretion in the court to order that a "deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

■ It is the usual practice as defendant contends that the deposition of corporate officers is taken at the corporation's principal place of business or where the officers reside. 2A Barron & Holtzoff, Federal Practice and Procedure, section 713 at 216, and cases cited n. 33 (Wright ed. 1961), but this is not an inflexible rule, of course, and it is subject to modification where justice requires, 2A Barron & Holtzoff, supra, section 713 at 217 and cases cited n. 34 (Wright ed. 1961). The factual situations and considerations vary by the number of cases and the matter rests inevitably in the sound discretion of the court. E. g. Fairhope Fabrics, Inc. v.

Mohawk Cotton Mills, Inc., 140 F.Supp. 313 (D.C.Mass.1956); Hirsch v. Glidden, 79 F.Supp. 729 (S.D.N.Y.1948).

Though the affidavits supporting and opposing the notice of taking are in accord as to the citizenship of the defendant corporation there is conflict in the affidavits regarding the principal place of business of the defendant and the location of its books and records. There is at least a portion of the records located in the forum state.

■ In view of the circumstances of this case it is the opinion of the court that the interests of justice will be best served if the oral examination is had in Columbia, South Carolina, upon the following conditions:

(1) The plaintiff and the defendant shall bear and pay the travel expenses of bringing the deponent to Columbia, South Carolina, and his return in equal shares. 2A Barron & Holtzoff, Federal Practice & Procedure, § 713 at 219 and cases cited n. 40 (Wright ed. 1961).

(2) The plaintiff shall bear and pay a reasonable living expense for the deponent on the day or days that he is called upon to testify. See 2A Barron & Holtzoff, supra § 713; Banana Distributors, Inc. v. United Fruit Co., 19 F.R.D. 532 (S.D.N.Y.1956).

The expense of either party incurred in the taking of this deposition shall be taxed as costs and shall be paid by the losing party at the final outcome of the litigation. Moore v. George A. Hormel & Co., 2 F.R.D. 340 (S.D.N.Y.1942).

The court is not persuaded to order that interrogatories be used in lieu of oral examination. See Wright, Discovery, 35 F.R.D. 39, 59 (1963); Clair v. Philadelphia Storage Battery Co., 27 F. Supp. 777 (D.C.Pa.1939).

It is therefore ordered that the oral examination of Robert J. O'Neil shall be had in accordance with this order.

And it is so ordered.