**B–H TRANSPORTATION CO., Inc.,**
**Plaintiff,**

**v.**

**The GREAT ATLANTIC AND PACIFIC TEA COMPANY, Inc. and Pacific Transportation Lines, Inc., Defendants.**

**Civ. No. 67–CV–187.**

United States District Court
N. D. New York.

May 21, 1968.

Richard D. Ryan, of Carroll, Williams, Rulison, Conan & Ryan, Syracuse, N. Y., for plaintiff.

Mortimer Allen Sullivan, Jr., of the office of Mortimer Allen Sullivan, Buffalo, N. Y., for defendant Pacific Transportation Lines, Inc.

Tracy H. Ferguson and John A. Beach, of Bond, Schoeneck & King, Syracuse, N. Y., Walter T. McGough and Scott F. Zimmerman, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant The Great Atlantic and Pacific Tea Co., Inc.

TIMBERS, District Judge.[*]

Plaintiff has brought this action seeking from defendants damages aggregating $829,734.20 (including claimed treble damages), plus a reasonable attorney's fee, costs and disbursements. Jurisdiction is invoked pursuant to Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (1964), Section 4 of the Clayton Antitrust Act, 15 U.S.C. § 15 (1964), and pursuant to Sections 1331 and 1337 of the Judicial Code, 28 U.S.C. §§ 1331 and 1337 (1964).

The gravamen of the complaint is that defendants engaged in an alleged illegal conspiracy to create a monopoly and to drive plaintiff out of business; more specifically, that in 1965 defendant A & P cancelled its contract with plaintiff by which the latter trucked merchandise from A & P's wholesale warehouse at Syracuse to A & P's retail stores in a specified territory in the State of New York, and that A & P thereupon turned over to defendant Pacific Transportation the trucking business formerly handled by plaintiff. In addition to the anti-trust allegations, plaintiff charges defendants with common law conspiracy, fraud and breach of contract.

Answers have been filed by defendants denying the material allegations of the complaint; defendant A & P also has pleaded certain affirmative defenses alleging lack of subject matter jurisdiction and failure of the complaint to state a claim against that defendant upon which relief can be granted.

Presently before the Court are plaintiff's objections to certain of the interrogatories propounded by defendant Pacific Transportation pursuant to Rule 33, Fed.R.Civ.P. The interrogatories were served December 12, 1967; they consist of some 90 separate questions, including sub-questions. Plaintiff filed objections to 37 of these interrogatories on February 5, 1968.[1] The objections

---

[*] Chief Judge of the District of Connecticut, sitting by designation.

1. Counsel for defendant Pacific Transportation states that plaintiff's time was extended to *answer* the interrogatories, not to *object* to them. If so, of course plaintiff has waived its right to object by not serving written objections within 10 days after being served with the interrogatories. Absent any stipulation in the file indicating the terms of the extension granted and especially in view of the importance to all parties of obtaining rulings on the merits of plaintiff's objec-

tions, the Court treats plaintiff's objections as timely.

Plaintiff's answers to the 53 interrogatories to which no objection has been interposed are of course long overdue. Rule 33, Fed.R.Civ.P. While there is no stipulation in the file relieving plaintiff of this default, the Court was given to understand at the oral argument that counsel for defendant Pacific Transportation does not wish to take advantage of such default in view of illness of plaintiff's counsel on and subsequent to February 24, 1968. Accordingly, the Court

**438**

were claimed for hearing at Syracuse on May 13, 1968, at which time the Court heard oral argument and received briefs from both sides.

The interrogatories of defendant Pacific Transportation generally call for identification of documents upon which certain allegations of the complaint are based; identification of individuals who have knowledge of relevant facts; basis of allegations in the complaint that defendant engaged in a conspiracy or combination or agreement in violation of plaintiff's rights; basis of allegations in the complaint that defendant made false and fraudulent representations which damaged plaintiff; facts upon which certain vague and general allegations of the complaint are founded and the claimed relationship between such facts; and the method and period of depreciation of equipment plaintiff alleges it was forced to sell at a loss to defendant Pacific Transportation.

Plaintiff's objections to the interrogatories, although unnecessarily repetitive and verbose, may be fairly summarized as follows: that they require plaintiff to present its evidence in advance of trial; that they ask for the names of witnesses; that they call for information equally available to defendant; that they are too broad and all inclusive; that plaintiff cannot determine the scope and extent of information required without exercising discretion and judgment; that plaintiff as a layman should not be required to swear to a statement embodying legal theories of counsel; and that the interrogatories are burdensome. Plaintiff also objects to defendant's definition of the term "identify" which precedes and explains the interrogatories.

The foregoing summary of plaintiff's objections is the best demonstration of their invalidity.

Identification of documents and of persons having knowledge of relevant facts

is expressly provided for in Rule 26(b), Fed.R.Civ.P., which is the measure of relevance incorporated in Rule 33, Fed. R.Civ.P. 4 Moore's Federal Practice ¶ 33.22, at 2379–80, and ¶ 26.19[1], at 1241 (2d ed. 1967). See United States v. Renault, Inc., 27 F.R.D. 23, 28 (S.D. N.Y.1960); Banana Distributors, Inc. v. United Fruit Company, 19 F.R.D. 493 (S.D.N.Y.1959).

■ Interrogatories which inquire into the basis of the allegations of the complaint that defendant engaged in a conspiracy or combination or agreement in violation of plaintiff's rights clearly are proper in this anti-trust action. United States v. Renault, supra, at 28; United States v. Continental Can Company, 22 F.R.D. 241 (S.D.N.Y.1958). Cf. Pacific Intermountain Express Co v. Acme Carriers, Inc., 30 F.R.D. 525 (S.D.N.Y.1962). And plaintiff's objections that such interrogatories seek to elicit plaintiff's "contentions" are entirely without merit. 4 Moore's Federal Practice ¶ 33.17, at 2355 (2d ed. 1967).

■ Plaintiff having alleged that defendant made false and fradulent representations which damaged plaintiff, interrogatories properly may call upon the pleader of fraud to set forth at least the degree of particularization required by Rule 9(b), Fed.R.Civ.P., that " * * * 'the circumstances constituting fraud' * * * must be stated with particularity. * * * * "; and this means "the time, place and content of the false misrepresentation, the facts misrepresented, and what was obtained or given up as a consequence of the fraud." 2A Moore's Federal Practice ¶ 9.03 (2d ed. 1968).

■■ Interrogatories which inquire into the facts upon which certain vague and general allegations of the complaint are founded and the claimed relationship between such facts are not properly objectionable on the ground that they call

orders that within 30 days all interrogatories shall be answered, including those to which no objections have been inter-

posed as well as those as to which objections have been overruled.

for legal conclusions. Bullard v. Universal Millwork Corp., 25 F.R.D. 342, 344 (E.D.N.Y.1960). In this category are interrogatories inquiring into the basis of plaintiff's allegations that A & P's refusal to deal with plaintiff "offended the rule of reason" and "constituted an unreasonable restraint of trade"; likewise, interrogatories requesting plaintiff to state the basis of its allegations that the "conspiracy, combination, arrangement and agreements" complained of restrained trade and commerce between the states in that it "effected the price, terms and conditions of transporting" merchandise and "effected the volume, nature and extent thereof."

Essentially, plaintiff's objections to interrogatories such as those referred to in the preceding paragraph as too broad and all inclusive are squarely attributable to the broad and all inclusive allegations of the complaint. It is plaintiff that instituted this action. Defendant clearly is entitled to know the factual basis of such allegations charging it with statutory violations—the more so in view of the broad, vague, all inclusive allegations to which defendant's interrogatories are directed. To rule otherwise would be "* * * to subvert the whole theory of the rules and to make it more difficult for the party to find out what the case against him is about * * *" 4 Moore's Federal Practice ¶ 33.17, at 2356 (2d ed. 1967).

The Court has examined with care each of defendant's interrogatories to which objections have been interposed. The interrogatories have been carefully drafted. They are precisely addressed and scrupulously limited to those allegations of the complaint which quite obviously require explanation or particularization, and without which defendant could not reasonably be expected to prepare for or to stand trial. All plaintiff's objections to the interrogatories propounded by defendant Pacific Transportation Lines, Inc. are overruled.

■ Finally, while the instant ruling is predicated solely upon the propriety of the challenged interrogatories and the infirmity of the objections thereto, such ruling also is consonant with a prior order of this Court. On October 13, 1967 an order was entered herein by Honorable Edmund Port denying motions by defendants, pursuant to Rule 12(e), Fed. R.Civ.P., for a more definite statement as to matters alleged in the complaint. Judge Port's order was clearly correct, reflecting the prevailing view which does not favor granting a more definite statement unless required to frame a responsive pleading. In denying defendants' motions for more definite statements, however, Judge Port indicated that defendants should be permitted to obtain such information in the course of discovery proceedings, including written interrogatories and depositions;[2] and he ordered that defendants be granted priority over plaintiff in the conduct of discovery.

2. Judge Port's ruling that further information regarding the subject matter of litigation should be obtained through discovery rather than by a more definite statement is in accord with the views of Professor James William Moore, the Country's leading authority on federal practice, who sums it up this way in 4 Moore's Federal Practice ¶ 33.17 at 2355 (2d ed. 1967):

"The considerations in favor of allowing interrogatories as to the contentions of the parties are even stronger. Theorists may urge that contentions are to be set out in the pleadings and that discovery has nothing to do with such matters, but it is plain that the whole theory of the pleading and discovery rules is opposed to this. The courts have made crystal clear that pleadings are intended to do little more than give notice of the claims asserted and that fine detail is not required or even permitted. One of the chief reasons for this, asserted over and over again in the cases, is that if the adverse party desires further information as to the subject matter of the litigation he can obtain it by use of the discovery rules."

In short, upon the entire record before this Court, to deny defendant the information now sought by the proper interrogatories which have been propounded to plaintiff would be to "keep the word of promise to the ear  *  *  *  and break it to their hope."[3]

### ORDER

ORDERED as follows:

(1) That plaintiff's objections to interrogatories of defendant Pacific Transportation Lines, Inc., are in all respects overruled.

(2) That plaintiff shall serve and file responsive answers to all interrogatories of said defendant within 30 days from the date of this order.

---

3. Griffin v. Illinois, 351 U.S. 12, 24 (1956) (concurring opinion by Mr. Justice Frankfurter).