**Henry W. REED, Plaintiff,**

v.

**SMITH, BARNEY & COMPANY, Incorporated and Edward T. Gardner, Defendants.**

**No. 69 Civ. 3551.**

United States District Court,
S. D. New York.

April 28, 1970.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiff;

Walter H. Beebe, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants; James W. Bowers, New York City, of counsel.

## MEMORANDUM

COOPER, District Judge.

This suit arises out of alleged misrepresentation made to plaintiff by defendant Gardner, a registered representative of Smith, Barney & Company, Inc., concerning the advisability of purchasing Maxson Electronic Co. stock. Plaintiff alleges Gardner informed him in early July 1968 that Smith, Barney had made an analysis of the business prospects of Maxson, that his firm's research department would issue a favorable report shortly and recommend acquisition of Maxson shares, and that in reliance of this disclosure plaintiff purchased 1,500 shares. Plaintiff's Memorandum In Support of Motion, January 22, 1970, pp. 3–4.

Defendants deny that Gardner ever discussed either a pending Smith, Barney research report or a potential recommendation. In fact, two analysts of Smith, Barney in early September of 1968 visited the Maxson plant (Gardner's deposition, November 12, 1969, pp. 71–73) but because of the highly unsettled nature of the emerging industry of electronic reservations, chose not to issue any report or recommendation. Deposition of Gardner, November 12, 1969, pp. 108–9.

Plaintiff now moves, pursuant to Rule 34, F.R.Civ.P., for an order directing defendants to produce for inspection Gardner's "standing cross reference" of transactions in Maxson reflecting the names of stockholders and their current holdings, and his complete ledger cards recording the purchase and sale of every customer who acquired Maxson stock during July and August of 1968; and pursuant to Rule 37, F.R.Civ.P. for an order requiring defendant Gardner to

answer this question put to him in the course of his deposition: "Q. What are their names?" [referring to the names of Gardner's customers who bought shares of stock in Maxson Electronics during July and August 1968 through him and co-defendant Smith, Barney.] Plaintiff's Motion Papers, January 22, 1970, pp. 1–2.

In short, plaintiff seeks the names of all of Gardner's other customers who purchased Maxson shares about the time of defendant's alleged misrepresentation, hoping thereby to discover evidentiary support for his claim.

Defendant resists this motion essentially on two grounds: (a) the information sought is unrelated to the matter in issue—whether Gardner made the statements as alleged in the complaint to plaintiff—and as such cannot lead to the discovery of admissable evidence, nor could any such person be considered as a "person having knowledge of relevant facts," and (b) the information is highly confidential; disclosure would likely cause annoyance and embarrassment to both Smith, Barney and its customers.

▮ Although it is uncertain whether the evidence plaintiff seeks to discover would be admissible at trial, see e. g. Richardson, Evidence, § 189 (9th ed. 1964); 2 Wigmore, Evidence, § 444 (3d ed. 1940); McCormick on Evidence, § 164 (1954) at this stage of the proceedings plaintiff need not satisfy such a rigorous standard. 4 Moore's Federal Practice, ¶ 26.17.[1] We cannot characterize plaintiff's attempt to discover whether Gardner made similar "misrepresentations" to his other customers, and any additional information unearthed by such an inquiry, as irrelevant and devoid of the possibility of revealing admissible trial evidence. See e. g. Banana Distributors v. United Fruit Co., 19 F.R.D. 493 (S.D.N.Y.1956);

Louis Weinberg Associates, Inc. v. Monte Christi Corp., 15 F.R.D. 493 (S.D.N.Y.1954).

However, disclosure of either Gardner's "cross reference" or ledger cards would unnecessarily invade the confidentiality of private stock transactions by individuals not involved in this litigation. Plaintiff's bare allegations of misrepresentation by Gardner do not justify exploration into the detailed information contained in either the ledger cards or cross reference list. The legitimate aim of plaintiff's investigation can be achieved without disclosure (certainly at this time) of Gardner's customer holdings and activities in Maxson or their entire portfolio.

Accordingly, defendants are ordered only to respond to plaintiff's question seeking the names of Gardner's customers who purchased Maxson stock through Smith, Barney during July and August 1968.

---

[1] "For example, the amendment has obviated any objection to discovery of information regarding liability insurance, matters of opinion, or matters concerning other accidents or subsequent repairs on the ground that such matter is inadmissible in evidence of the trial." ¶ 26.17, at 1228.