**FINANCIAL GENERAL BANKSHARES, INC., Plaintiff,**

v.

**Bert LANCE et al., Defendants.**

**Civ. A. No. 78–0276.**

United States District Court, District of Columbia.

May 10, 1978.

Edwin E. McAmis, New York City, admitted pro hac vice, for plaintiff.

Robert A. Altman, Washington, D. C., for defendants.

## MEMORANDUM—ORDER

GASCH, District Judge.

This matter came before the Court on plaintiff's motion to set a time and place for the depositions of Sheikh Kamal Adham, Faisal Saud Al-Fulaij, Sheikh Sultan Bin Zaid Al-Nahyan, and Abdullah Darwaish, heretofore noticed on April 10th by plaintiff to be taken in the District of Columbia on May 1st through May 4th, and on the defendants' motion that these depositions not be taken. Defendants' motion for a protective order was not filed until April 27, following the issuance by the Court of its ruling on plaintiff's motion for a preliminary injunction. Thereafter, on May 3, plaintiff filed its motion to compel the taking of the depositions, and additional pleadings were filed by both parties.

After hearing oral argument by respective counsel, the Court concludes that the depositions of the four Arab defendants, heretofore named, should be taken as expeditiously as possible in Washington, D. C., for it appears that issues remain in this action about which plaintiff should be allowed to depose these defendants. Plaintiff alleges that Schedules 13D filed by these defendants are false and misleading in several respects, contain untrue statements of material facts, and fail to state material facts. In short, the Court believes that defendants have not shown adequate justification for denying plaintiff the opportunity to question these defendants about the accuracy of the Schedules 13D filed on their behalf.

Counsel for the defendants has interposed the objection that undue publicity may attend the taking of these depositions and that this may be nothing more than an effort to preclude participation of these defendants in making a tender offer. Whatever the merits of that position may be, the Schedules 13D filed by these defendants represent that they intend to make a tender offer for all of the shares of stock of FG.

It appears to the Court that plaintiff is entitled to inquire whether defendants continue to intend to participate in such a tender offer. Plaintiff also is entitled to inquire about any understandings defendants may have with other persons about FG stock, as well as about any plans that defendants have regarding the management and structure of FG. Plaintiff may also wish to inquire into other areas related to its allegation that the Schedules 13D filed by the defendants are inaccurate. In view of plaintiff's legitimate discovery needs, the Court disagrees with defendants that interrogatories served on the defendants would be an adequate substitute for taking their depositions. *See, e. g.,* 4A Moore's Federal Practice ¶ 33.02, at 14–15 (2d ed. 1975). Moreover, such a limitation on discovery would be contrary to "the basic premise 'that the deposition-discovery rules are to be accorded a broad and liberal treatment.'" *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964), *quoting Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Defendants' counsel takes the further position that prior to the making of a tender offer the defendants will disclose in filings with the SEC the information sought by the plaintiff. That, of course, may be true, but it seems to the Court that plaintiff's discovery in this case should not be foreclosed because certain disclosures will be made at a later date prior to the making of a tender offer.

Finally, on the facts and circumstances of the case before it, the Court concludes that the depositions of the four Arab defendants should be conducted in Washington, D. C. Counsel for all of the parties are located here or in New York, the Court is here and could promptly resolve any disputes arising during the depositions without costly continuances of the depositions, and the plaintiff has offered to advance to defendants the expenses incident to these defendants coming to Washington to be deposed. The matter of the location of depositions of defendants ultimately is within the discretion of the Court, and instances of defendants having to appear for depositions at the place of trial are not unusual. *See, e. g., Connell v. Biltmore Security Life Ins. Co.,* 41 F.R.D. 136 (D.S.C.1966); 4 Moore's Federal Practice ¶ 26.70[1. —3], at 514–15 (2d ed. 1976).[1]

Wherefore, upon consideration of the discovery motions of the parties pending before the Court, the points and authorities filed in support and in opposition thereto, the arguments of counsel in open Court, and the entire record herein, it is by the Court this 10th day of May, 1978,

ORDERED that plaintiff's motion to compel discovery be, and hereby is, granted in part and denied in part; and it is further

ORDERED that defendants' motion for a protective order be, and hereby is, denied; and it is further

ORDERED that the depositions of the heretofore named defendants be taken in Washington, D. C. at the office of plaintiff's counsel as soon as conveniently may be done; and it is further

ORDERED that the plaintiff shall advance to the defendants the reasonable expense of attending their depositions in Washington, D. C., and that these expenses shall be taxed as costs and paid by the losing party at the outcome of the litigation; and it is further

ORDERED that plaintiff's motion for an award of attorneys' fees and expenses incident to these discovery motions be, and hereby is, denied.

---

1. Because plaintiff is still unable to demonstrate any irreparable injury justifying a broad injunction against a tender offer by the defendants, the Court will deny plaintiff's request for an injunction of the tender offer by defendants pending their depositions.