SANTA FE INTERNATIONAL
CORPORATION

v.

R. B. POTASHNICK.

Civ. A. No. 79–768.

United States District Court,
E. D. Louisiana.

May 18, 1979.

John F. Whitney, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for plaintiff.

Owen Cecil, Fulbright & Jaworski, Houston, Tex., Alfred M. Farrell, Jr., Terriberry, Carroll, Yancey & Farrell, New Orleans, La., for defendant.

## MEMORANDUM OPINION AND ORDER

EDWARD J. BOYLE, Sr., District Judge:

This matter is before the court upon the motions of defendant, R. B. Potashnick (Potashnick), to stay the Order of the Magistrate entered herein on May 14, 1979, and to Review the Magistrate's Order. Following oral argument on the motions, the court granted the defendant's Motion to Stay the Order of the Magistrate pending its ruling on the Motion to Review. Having taken time to consider the matter, the court is now ready to rule.

Plaintiff, Santa Fe International Corporation (Santa Fe) was the original pipe laying subcontractor on a construction project in the Gulf of Mexico off the coast of Texas. Santa Fe's contractual relationship was with Potashnick, which had undertaken responsibility for construction of the entire project. Eventually, the contractual relationship between Santa Fe and Potashnick came to an end. There are differing views by the parties as to the cause of the rift, but that difference of opinion is not material here. Santa Fe filed suit against Potashnick for breach of contract. Potashnick then placed Santa Fe and its surety on notice it would hold those parties responsible for liquidated damages assessed against it as a result of Santa Fe's alleged failure to complete its contractual obligations. On April 24, 1979, Potashnick entered into a subcontract with Netherlands Offshore Company (Netherlands) to complete the work Santa Fe allegedly had abandoned. The subcontract provided that Netherlands would commence pipe laying on or about May 8, 1979, and complete such work not later than July 7, 1979.

Shortly following execution of the replacement subcontract between Potashnick and Netherlands, Santa Fe filed a Motion for an Order to Permit Inspection of Completion of Contract Work in which Santa Fe sought an inspection of the remaining contract work to be completed by Netherlands including the pipe to be laid beneath the floor of the Gulf of Mexico by Netherlands. Santa Fe urged that such inspection was necessary in order to document its claim that compliance with the plans and specifications as written was an impossibility, that the project inspectors, while inspecting Santa Fe's work, had interpreted the plans and specifications in a manner which was unreasonably severe, and that the project inspectors would not adopt such severe standards in reviewing the work of Netherlands. Santa Fe urged that once the pipe was laid under the floor of the Gulf, it would be irretrievable and the inspection of the pipe which they sought to make would be impossible. It was in ruling upon Santa Fe's motion for an order to permit inspection of completion of contract work that the Magistrate issued the order presently under review.

Santa Fe bottoms its request for inspection upon Rule 34(a) of the Federal Rules of Civil Procedure. Pursuant to such provision,

"*Any party* may serve on *any other party* a request . . .

(2) to permit entry upon designated *land or other property in the possession or control of the party upon whom the request is served* for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." [Emphasis supplied.]

The language of the rule makes clear that access to inspect property may be granted only if the property is within the possession or control of parties to the pending litigation.

It is undisputed that the pipe Santa Fe seeks to inspect is located aboard a barge owned and operated by Netherlands. (Affidavit of R. B. Potashnick.) Netherlands is

not a party to the present litigation. Therefore, before we may sustain the Magistrate's order which granted Santa Fe the right to inspect the pipe, we must be convinced that Potashnick is in possession or control of the premises on which the pipe is located. Neither of the parties seriously suggest that Potashnick is in possession of the premises where the work is being conducted, therefore, the issue to be determined is one of control.

We have no doubt that Potashnick retains the right to enter upon the premises of Netherlands for the purposes of insuring that the work performed by Netherlands is acceptable under the subcontract. Although Potashnick in the subcontract with Netherlands has not specifically reserved the right to have its own employees inspect the pipe, such right to insure that work is satisfactorily performed before paying for such work, must necessarily be implied. We deem the fact that the parties to the present subcontract between Potashnick and Netherlands have designated a person employed by the owner of the project to perform the inspection function, rather than designating a person employed by Potashnick, of little significance since counsel for Potashnick conceded at oral argument that Potashnick at all times relied upon the inspections made by the owner's personnel.

However, our conclusion that Potashnick has the legal right to enter upon the barge for the purposes of inspecting the work of Netherlands does not necessarily resolve the central issue here. While such right to enter upon the barge for the limited purpose of inspecting for contract compliance may be spoken of as a species of control, we seriously doubt that it may be equated with the control required by Rule 34(a). It appears from our review of the subcontract between Potashnick and Netherlands that Potashnick's right to control the barge, if it may be so designated, is a right to enter upon the barge to inspect the completed work only. It is not a right to general access to the barge or a right to permit access by persons whose presence is unnecessary to the limited purpose of Potashnick's determination of whether there has

been compliance by Netherlands with the contract.

In reaching our decision we are mindful that Netherlands, whose premises are sought to be entered, is not before the court. We must question whether the protection that the Magistrate sought to provide Netherlands against possible disclosure of its confidential methods of operation and trade secrets to a business competitor such as Santa Fe will be adequate. At the very least, Netherlands must be given an opportunity to be heard and to request whatever protective limitations it deems appropriate. Netherlands would have been afforded such an opportunity to be heard had Santa Fe instituted an action directly against Netherlands under the provisions of Rule 34(c) or noticed the deposition of the custodian of the contract work accompanied by a subpoena duces tecum under Rules 30 and 45. As counsel for Potashnick has informed the court that the pipe laying phase of the work is expected to continue for approximately two and one-half weeks following oral argument on the motion, we note that these alternative methods of discovery remain available to Santa Fe.

In short, we decline to permit general access to Netherlands' premises by a competitor solely because a litigation opponent of such competitor has a limited access itself to the premises. We do not find that Potashnick is in control of Netherlands' barge for purposes of Rule 34(a). An essential part of the mover's burden under Rule 34(a) is the requirement of establishing control of the premises to be inspected. *See Norman v. Young*, 422 F.2d 470, 472 (10 Cir. 1970).

Because in our opinion Santa Fe has failed to sustain its burden to demonstrate Potashnick's control of the premises where the inspection is sought to be performed, we REVERSE the ruling of the Magistrate and VACATE the order under review.