Thach Ngoc HUYNH, et al., Plaintiffs,

v.

Desma WERKE, et al., Defendants.

No. C–3–79–289.

United States District Court.
S. D. Ohio, W. D.

May 29, 1981.

**448**

David M. Deutsch, Dayton, Ohio, for plaintiffs.

Thomas M. Green, Dayton, Ohio, for defendant Allen-Bradley Co.

Robert C. Alexander, Neil Freund, Dayton, Ohio, for defendant Desma Industrial Machines.

Leo F. Krebs, Dayton, Ohio, Mark Sakakun, Akron, Ohio, for defendant Desma Werke.

## DECISION AND ORDER OVERRULING MOTION OF DEFENDANT, DESMA INDUSTRIAL MACHINES, SEEKING SUMMARY JUDGMENT; DECISION AND ENTRY DECLARING DEFENDANT DESMA WERKE'S MOTION FOR STAY OF DEPOSITIONS TO BE MOOT; DESMA WERKE ORDERED TO BEAR ONE–HALF OF COSTS OF DEPOSITIONS TO TAKE PLACE IN WEST GERMANY; DECISION AND ENTRY OVERRULING MOTION TO ORDER NON–PARTY TO ALLOW INSPECTION

RICE, District Judge.

The captioned cause came to be heard upon three motions, to wit:

(1) the motion of the Defendant, Desma Industrial Machines, Inc. (DIM), seeking an Order of the Court entering summary judgment in its favor and against Plaintiffs;

(2) the motion of the Defendant, Desma Werke, G.m.b.H (Desma), seeking Orders of the Court staying proposed depositions of its officers, and requiring that said depositions be conducted at Desma's principal place of business in West Germany; and

(3) the motion of the Plaintiffs seeking an Order of the Court requiring the non-party, Inland Manufacturing Division of General Motors (Inland), to permit entry at its local facility by Plaintiffs' expert for the purpose of observing, inspecting, and recording the operation of certain Desma machinery.

This is a products liability action. Plaintiffs, a husband and wife, seek to recover for injuries (incurred by the husband in the course of his employment with Inland) which were caused by an industrial molding machine alleged to have been defectively

and negligently designed, manufactured and sold without adequate guards and controls, and without adequate warnings or instructions regarding safe operation. The machine in question was manufactured by Desma, and purchased by Inland through Desma's *former* domestic selling agent, Compo Industries, Inc. (Compo). DIM's liability is predicated on its role as Desma's *current* domestic selling agent, a function which DIM undertook at the time of its corporate formation in January, 1976, *after* delivery of the machine to Inland in April, 1975, but *prior* to the date of injury in July, 1977.

■ Based upon the reasoning and citations of authority by Plaintiffs' counsel, upon the Court's own research, and for the further reasons herein briefly stated, DIM's motion for summary judgment is not well taken and is overruled. The Court finds that Plaintiffs' primary reliance upon the "product line" theory of corporate "successor liability" (as articulated in *Ray v. Alad Corp.*, 19 Cal.3d 22, 136 Cal.Rptr. 574, 560 P.2d 3 (1977)) is misplaced. There is no indication that Ohio has followed or would follow California's lead in engrafting this substantial modification upon the four traditional, and quite limited bases at common law for imposing liability upon a "successor" corporation. *Travis v. Harris Corp.*, 565 F.2d 443, 447–48 (7th Cir. 1977). However, the Court is also of the opinion that the possibility that DIM might be held to account for Compo's responsibilities (with respect to injuries, and the failure to warn against same, resulting from the use of products sold through Compo) under either the second or third *traditional bases* for successor liability—i. e., that DIM is either a "consolidation" or "continuation" of Compo—has not been precluded by the affidavits or interrogatories on the record at this time. *See generally Annot* 66 A.L.R.3d 824 (1975) (re: successor liability in products liability cases). Specifically, the extent to which DIM's operations replaced Compo's functions (in sales and service of Desma's machines), the extent to which DIM has acquired Compo's "assets" (including Compo's service files), the degree of common

ownership between DIM and Compo at the time of DIM's formation (recognizing that Desma *presently* owns 94% of DIM, but owned no Compo stock), and, finally, whether Compo still exists as a going concern or, on the contrary, was wholly and intentionally superseded by DIM's formation, are all viable issues relating to the question of DIM's liability or nonliability as Compo's "successor" under traditional common law principles.

■ Desma's request that the proposed depositions of its officers be stayed, pending the Court's disposition of Plaintiffs' motion to dismiss the removal petition, has been mooted by the withdrawal of Plaintiffs' motion. Based upon the reasoning and citations of authority by counsel for Plaintiffs and Desma, upon the Court's own research, and for the reasons herein briefly stated, Desma's additional request for a protective order requiring that the proposed depositions be taken in West Germany is sustained in part and overruled in part. Because Desma's business records are maintained in West Germany, and because it would appear to require less total cost to have Plaintiffs' counsel go there (as opposed to having eight deponents come here), the Court hereby Orders that the depositions be conducted at Desma's place of business in West Germany. However, in ruling further, the Court being as impressed with Plaintiffs' contentions that Desma should bear the expense of travel for the depositions (primarily because Desma has benefited from the sale of its products, including the alleged injuring device, on this side of the Atlantic) as it is with Desma's contentions that Plaintiffs should bear the expense (because, otherwise, Desma would, in effect, be financing the litigation against it), the Court hereby Orders that Desma advance to Plaintiffs one-half of the total reasonable travel expenses required for the proposed depositions, and that one-half of the total reasonable travel expenses be taxed as costs of the litigation in favor of the prevailing party. *Cf. Financial General Bankshares, Inc. v. Lance*, 80 F.R.D. 22 (D.D.C.1978); *Connell v. Biltmore Security*

*Life Insurance Co.,* 41 F.R.D. 136 (D.S.C. 1966).

■ Plaintiffs' motion seeking an order of the Court requiring the *nonparty* Inland to permit entry and inspection at its local facility, which motion was nominally filed under Fed.R.Civ.P. 34, is not well taken and is overruled. The Federal Rules of Civil Procedure provide this Court with *no authority* to order a nonparty to permit entry on land. *See Santa Fe International Corp. v. Potashnick,* 83 F.R.D. 299 (E.D.La.1979); *Humphries v. Pennsylvania R. Co.,* 14 F.R.D. 177, 181 (N.D.Ohio, 1953). Fed.R. Civ.P. 34 expressly applies only to discovery among parties. Fed.R.Civ.P. 45 does provide for limited forms of "discovery" from nonparties, but does not extend to entry on the land of a nonparty. *See generally* 8 Wright & Miller, *Federal Practice and Procedure* § 2209. Plaintiffs may pursue an independent action to obtain a bill of discovery against Inland; *see* Fed.R.Civ.P. 34(c); *see, e. g.,* O.R.C. § 2317.48, but they must do so in a court of competent subject matter jurisdiction and with perfected personal jurisdiction over Inland. *See generally* Advisory Committee Notes on 1970 Amendment to Rule 34(c).