I respectfully dissent from the denial of a protective order in this case. As correctly stated by the majority, protective orders are issued only "for good cause" shown by the person seeking the protection, A.R.C.P. 26 (c), and the decision of the trial judge will not be overturned unless an abuse of discretion is shown. Campbell v. Regal Typewriter Co.,341 So.2d 120 (Ala. 1976). Though trial judges are vested with a broad range *Page 1051 
of discretion in determining what circumstances will justify a variation from the general rule, this range is not unlimited.
The general rule regarding pretrial discovery, though not specifically addressed by any Alabama cases, has been enunciated on several occasions by the federal courts and it states that the deposition of a corporate officer or agent (or, as here, a member of a limited partnership) must be taken at the business's principal place of business, absent peculiar circumstances justifying a change of venue. See, e.g., Salterv. Upjohn Co., 593 F.2d 649 (5th Cir. 1979); 8 C. Wright and A. Miller, Federal Practice and Procedure, § 212 at 410 (1970). It is fundamentally unfair to require a non-resident defendant, as here, to leave his place of business and travel at his own expense to the site of the deposition so that it can be taken more conveniently and less expensively to the plaintiff. Lessv. Taber Instrument Corp., 53 F.R.D. 645 (W.D.N.Y. 1971); Perryv. Edwards, 16 F.R.D. 131 (W.D.Mo. 1954). This rule, of course, may be altered if justice requires, upon the showing ofpeculiar facts and circumstances, which showing then gives the trial judge broad discretion to determine what circumstances will justify a change in the site of the deposition. Here, however, the only possible rationale for requiring the deposition to be taken in Birmingham was that Old Mountain Properties, LTD., owned some real estate in Alabama, thus providing minimum contacts. No peculiar facts and circumstances, however, were shown by April Investments, Inc., to justify the request to depose the general partner of Old Mountain Properties, LTD., in Birmingham.
While the definition of "good cause" has not yet been decided in Alabama, I believe that once a non-resident corporate defendant seeking a protective order has demonstrated that it is, in fact, a non-resident defendant and that the plaintiff seeks to compel its officer or agent to come into the state to be deposed, it has prima facie supplied the "good cause" required by A.R.C.P. 26 (c) to compel the issuance of the protective order. At this point, the non-movant must assume the burden of proof to show "peculiar facts and circumstances" to justify a variance from the general rule. Such circumstances might include a consideration of the relative hardships to the non-moving party should the protective order be granted, a conflict in the evidence as to the corporation's principal place of business, the fact that the corporation's officers visit Alabama regularly, and/or the fact that the plaintiff is impecunious. General Dynamics Corp. v. Selb Manufacturing Co.,481 F.2d 1204 (8th Cir. 1973); Baker v. Standard Industries,Inc., 55 F.R.D. 178 (D.P.R. 1972); Connell v. Biltmore SecurityLife Insurance Co., 41 F.R.D. 136 (D.S.C. 1966); Hirsch v.Glidden Co., 79 F. Supp. 729 (S.D.N.Y. 1948). Here, Old Mountain Properties, LTD., clearly showed that it was a non-resident defendant, yet April Investments, Inc., made absolutely no showing of any peculiar facts and circumstances that would justify the taking of the deposition in Birmingham.
The decision of the majority, in effect, makes Alabama the only jurisdiction to allow, as a matter of course, a plaintiff to chose his own forum based upon the defendant's minimum contacts, litigate all of the issues in his home territory, and compel a non-resident defendant to travel at his own expense to the forum whenever the plaintiff feels the need for discovery. This is not only contrary to the general rules of discovery, but is also, as a matter of policy, fundamentally unfair to the defendant.
Based upon the foregoing principles, I would hold that Old Mountain Properties, LTD., presented a prima facie showing of "good cause" for the issuance of the protective order; that April Investments, Inc., did not come forward with a showing of "peculiar facts and circumstances" to show why the deposition should be taken in Birmingham, Alabama, instead of the defendant's principal place of business in Jacksonville, Florida; and that the trial judge thus erred in refusing to grant the requested protective order.
 ON APPLICATION FOR REHEARING